1  THE FOX LAW CORPORATION, INC.
   Steven R. Fox, CBN 138808
2  17835 Ventura Boulevard, Suite 306
   Encino, California  91316
3  (818) 774-3545; Fax (818) 774-3707

4  Attorneys for Plan Proponent, Jonathan Mover

5

6

7

8           UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

10

11  In re:                              )  Lead Case No.: 2:16-bk-24758-RK
                                        )
12  Swing House Rehearsal               )  Jointly administered with:
    And Recording, Inc.,                )  Case No. 2:16-bk-24760-RK
13                                      )
    Debtor and Debtor in Possession,   )  Chapter 11 Cases
14                                      )
                                        )  MOTION FOR APPROVAL OF FOURTH
15  In re:                              )  AMENDED CHAPTER 11 PLAN OF
                                        )  REORGANIZATION DATED APRIL 16,
16  Philip Joseph Jaurigui,             )  2018 AND REQUEST THAT THE COURT
                                        )  APPROVE THE SETTLEMENT AGREEMENT
17        Debtor and Debtor in Possession.) WITH THE D'ADDARIO CREDITORS
                                        )
18  _____ )
                                        )
19        Affects Both Debtors.         )
                                        )
20  XX  Affects Swing House Rehearsal   )  Plan Confirmation Hearing Date:
        And Recording, Inc. Only.       )
21                                      )  Date : May 31, 2018
        Affects Philip Joseph Jaurigui  )  Time : 9:00 p.m.
22      Only.                           )  Ctrm : Courtroom 1675
                                        )
23  _____ )

24      COMES NOW the Plan Proponent with his Motion.

25      Proponent, Jonathan Mover ("Proponent" or "Mover") proposed the Fourth

26  Amended Plan of Reorganization (docket no. 354) (the "Plan").

27      For various reasons, the Court should confirm the proposed Plan.

28

- The Plan meets the requirements in §1129(a) and in other provisions of the U.S. Bankruptcy Code.

- One of the six impaired classes, Class 1 consisting of Jonathan Mover's secured claim, voted to confirm the Plan. (Ballot Summary, September 15, 2017, docket no. 225).  Since then, the Debtor negotiated resolutions with the two D'Addario secured classes and the D'Addario creditors support confirmation of the 4th Amended Plan. Their two claims are classified in Classes 2 and 3.  There are at least 3 impaired classes voting to accept the Plan though one class is an insider class.

- Though at the time of soliciting and balloting of the Second Amended Plan, the unsecured class, class 5, voted to reject that plan in its then form, the rejection was due to the rejecting ballots cast by 7175 WB LLC as a then Class 5 member and by the D'Addario creditors whose claims the prior plan bifurcated into secured and unsecured claims. Since then, 7175, the Proponent and the Debtor have negotiated changes to the Plan, changes incorporated in the 3rd and 4th Amended Plans which place 7175 into a new class, Class 6.  All of the D'Addario claims are now treated in Classes 2 and 3. [1]  The agreements with the D'Addario creditors and 7175 impact confirmation.  The D'Addarios no longer hold unsecured claims so they are not members of Class 5.  Their claims are treated in Classes

---

[1] One element of the settlement with the D'Addario creditors is that they reduced the amount of their secured claims from approximately $1.4 million down to $900,000. Lowering the balance by $500,000 has a large impact on feasibility of the Plan.

2 and 3. As to 7175, the entirety of its claim was moved to new Class 6. As a result of these agreements, all remaining ballots cast by Class 5 members accept the Plan.

- As to Class 6, it is an impaired class. It is unclear whether 7175 will support the Plan. If it does, then Class 6 may be deemed to have accepted the Plan. If not, then Class 6 will be subject to cramdown.

The attached Memorandum and Declarations speak to the requirements of §1129 and provide additional support why the Court should confirm the Plan.

In addition, the Proponent requests that the Court approve the agreement with the D'Addario creditors. The agreement is attached to the Plan as Exhibit "A." As discussed below the agreement is more than fair. The D'Addario creditors agreed to reduce their claim from approximately $1.4 million to $900,000 and to accept an extended payment period. These accommodations have a material impact assisting with feasibility of the Plan.

**WHEREFORE** the Proponent requests that the Court:

1. Find that the Plan satisfies §1129 and other applicable sections of the U.S. Bankruptcy Court;

2. Find that the Plan should be confirmed;

3. Confirm the Fourth Amended Plan; and

4. Approve the settlement with the D'Addario creditors.

Dated: May 8, 2018

Respectfully submitted,

THE FOX LAW CORPORATION

_____
Steven R. Fox, attorney for Plan Proponent
Jonathan Mover

- 3 -

# Table of Contents

I.  The Plan Meets Applicable Statutory Precedents to the
    Court Approving the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.  §1129(a)(1); The Plan Complies With the Applicable
    Provisions of Title 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B.  §1129(a)(2); The Proponent of the Plan Complies With the Applicable
    Provisions of Title 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

C.  §1129(a)(3); The Plan Has Been Proposed in Good Faith and Not By Any
    Means Forbidden By Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

D.  §1129(a)(4);  All Payments Requiring Review By the Court Have Been or Will
    Be Subject to Approval as Reasonable . . . . . . . . . . . . . . . . . . . . . . . 9

E.  §1129(a)(5); The Proponents of the Plan Have Disclosed the Identities and
    Affiliations of Persons Participating in the Plan . . . . . . . . . . . . . . . . . 9

F.  §1129(a)(6); Approval of Regulated Charges . . . . . . . . . . . . . . . . . . . 9

G.  §1129(a)(7); Each Holder of a Claim or Interest of an Impaired
    Class Has Accepted the Plan or Will Receive Property of Value
    Not Less Than the Amount that Such Holder Would Receive or
    Retain if the Debtor's Assets Were Liquidated Under
    Chapter 7 of the Bankruptcy Code . . . . . . . . . . . . . . . . . . . . . . . . . 9

H.  §1129(a)(8); Acceptance by Classes of Impaired Claims . . . . . . . . . . . . 11

I.  §1129(a)(9); The Plan Complies With the Required Treatment
    of Administrative and Priority Claims . . . . . . . . . . . . . . . . . . . . . . . . 11

J.  §1129(a)(10);  Multiple Classes of Impaired Claims Have
    Accepted the Plan, Determined Without Including Any Acceptance
    of the Plan by an Insider  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

K.  §1129(a)(11); The Plan Is Feasible . . . . . . . . . . . . . . . . . . . . . . . . . 12

L.  §1129(a)(12); Requires the Payment of Filing Fees and Trustee's
    Fees Pursuant to Section 1930 of the Bankruptcy Code. . . . . . . . . . . . . 14

M.  §1129(a)(13); Retirement Benefits Must Be Maintained . . . . . . . . . . . . . 14

N.  §1129(a)(14) Domestic Support Obligations . . . . . . . . . . . . . . . . . . . 14

O.  §1129(a)(15) Individual Chapter 11 Debtor; Objection to
    Confirmation of Plan by the Holder of a Allowed unsecured Claim . . . . . 14

P.  Section 1129(d): Avoidance of Taxes . . . . . . . . . . . . . . . . . . . . . . . 14

II.    The Requirements to Cramdown Any Objecting Class is
Satisfied. §1129(b) . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

III.    The Court Should Approve the Settlement Agreement with the
D'Addario Creditors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

IV.    Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

## Table of Authorities

Steelcase Inc. v. Johnston (In re Johnston), 21 F.3d 323, 327 (9th Cir.1994). . . .  4

Wells Fargo Bank, N.A. vs. Loop 76, LLC (In re Loop 76, LLC), 465 BR 525 (9th Cir.
BAP 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

In re Sylmar Plaza, 314 F.3d 1070 (9th Cir. 2002)  . . . . . . . . . . . . . . . . . . . . .  8

Computer Task Group vs. Brotby (In re Brotby), 303 B.R. 177
(9th Cir. BAP 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12, 21

In re U.S. Truck Co., 47 B.R. 932 (Bankr. E.D. Mich. 1985) . . . . . . . . . . . . . . .  5

In re Nite Lite Inns, 17 Bankr. 367 (Bankr. S.D. Cal. 1982) . . . . . . . . . . . . . . .  8

Drexel Burnham Lambert, Inc. v. Flight Transp. Corp. (In re Flight Transp. Corp.
Sec. Litig.), 730 F.2d 1128, 1135 (8th Cir.1984)) . . . . . . . . . . . . . . . . . . . . . .  18

Reavis & McGrath v. Antinore, 469 U.S. 1207 (1985) . . . . . . . . . . . . . . . . . .  18

Martin vs. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (1986)  . . . . . .  19

## MEMORANDUM OF POINTS AND AUTHORITIES

## IN SUPPORT OF PLAN CONFIRMATION

Section 1129(a) provides that the Court shall confirm a plan only if specific requirements are met.  The Plan satisfies each of these requirements.

I.

### The Plan Satisfies §1129(a)'s Requirements.

A.    §1129(a)(1); The Plan Complies With the Applicable
Provisions of Title 11.

The substantive provisions of the Bankruptcy Code which are most relevant in the context of §1129(a)(1) are found in §§1122, 1123, and 1125.

1.    **The Requirements of Section 1122 Have Been Satisfied.**

It provides:

(a)    Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

(b)    A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

The Plan's classification of secured and unsecured claims in this case is reasonable.

- All administrative claims (whether professional, ordinary course or otherwise) are not classified with claims of secured claimants or unsecured claimants.

- Classes 1, 2 and 3 consist of secured claims, each in its own class.

- Class 4 consists of the priority wage claim of Philip Jaurigui.

- Class 5 consists of all general unsecured claims.

- Class 6 consists of all general unsecured claims which also hold litigation claims against the Debtor, who are pursuing the litigation claims against the Debtor and who hold claims against third parties. The separate classification is reasonable because this type of claim is dissimilar to that of a vendor, an unsecured lender or other unsecured creditor who has not brought litigation against the Debtor and who does not have independent claims against third parties.   Here 7175 holds litigation claims.  It holds these claims against both the Debtor and Philip Jaurigui, the Debtor's present majority shareholder.  It also has claims against the Debtor's and Mr. Jaurigui's insurance carriers. 7175 brought litigation prepetition against both Mr. Jaurigui and against the Debtor prepetition and continued the litigation post-petition.   Steelcase Inc. v. Johnston (In re Johnston), 21 F.3d 323, 327 (9th Cir.1994); Wells Fargo Bank, N.A. vs. Loop 76, LLC (In re Loop 76, LLC), 465 BR 525 (9th Cir. BAP 2012)

- Class 7 consists solely of general unsecured claims to the extent they include amounts that are not for pecuniary loss, including without limitation punitive or exemplary damages, penalties and the portion of multiple damages other than the portion multiplied.  §726(a)(4)

- Class 8 consists of equity interests.  All equity interests shall be extinguished, equity holders shall receive no distribution under the Plan.

The classification of unsecured claims have reasonable bases.

There is no gerrymandering to obtain the acceptance of an impaired class. Prior to the Debtor and the Proponent reaching agreements with the D'Addario creditors and 7175, the Debtor's 2nd Amended Plan already had one impaired

1  accepting class, Class 1.  Also, no creditor so far claims that the Plan gerrymanders

2  claims.

3  There is no separate class of de minimus claims.

4  The Plan treats unsecured administrative claims as unclassified claims to be

5  paid in full on the Effective Date or paid following allowance of such claims.

6  In Class 7, interest holders' interests are extinguished on the Effective Date

7  and the Proponent shall receive the 100% interest in the Debtor's equity.  The time

8  within which the Debtor had to market its equity and to obtain over-bidders passed

9  on October 10, 2017.  (Notice of Submission of Proposed Solicitation Materials

10 with Respect to Debtor's Chapter 11 Plan of Reorganization, page 8 of 140, ¶3,

11 docket no. 208; Order Approving Disclosure Statement, Notice of Confirmation

12 Hearing, and Related Voting and Confirmation Procedures, docket 210)

13 The classification of claims is proposed in good faith.  Debtor did not divide

14 the claims into multiple classes to solely create a consenting class to permit

15 confirmation. E.g., In re U.S. Truck Co., 47 B.R. 932, 939 (Bankr. E.D. Mich.

16 1985). Class 6 exists following months of frequently difficult negotiations between

17 the Proponent, the Debtor and 7175.  7175's claim is dissimilar to those of other

18 unsecured creditors for several reasons.  It has claims against Philip Jaurigui.  7175

19 also has potential claims against the Debtor's and Jaurigui's insurers.  7175 has

20 brought litigation against both Jaurigui and the Debtor and is settling its claims

21 against the Debtor via the settlement provisions in the Plan (Pages 15-16).  No

22 other creditor holds claims against the Debtor, Jaurigui and insurers, and has

23 brought litigation and is settling its claims against this Debtor.

24 **2.    The Requirements of Section 1123 Have Been Satisfied.**

25 • (a)(1).  The Plan classifies claims other than administrative priority claims

26 and priority tax claims.  Administrative claims and priority tax claims are not

27 classified while all other claims are classified.  Plan at pages 2-13.

- (a)(2).  The Plan identifies any class of claims or interests that is unimpaired under the Plan.  Class 4 is the only unimpaired class.  Plan at page 7.

- (a)(3).  The Plan specifies the treatment of any class of claims or interests impaired under the Plan.  All classes but Class 4 are impaired  Plan at pages 2 -13.

- (a)(4).  The Plan provides the same treatment for each claim or interest in a particular class except where a member of a particular class has agreed to less favorable treatment.  Classes 1 through 4 contain sole creditors so the Plan satisfies this requirement.  Classes 5 through 7 contain unsecured claims.  The claims of these three classes of creditors are dissimilar but the treatment of creditors within each class is uniform and so by definition members of these three classes are treated the same.  Plan at pages 2-13.

- (a)(5).  The Plan provide adequate means for its implementation.

  - The Plan provides that the Debtor shall retain all of the property of the estate.  §1123(a)(5)(A).

  - The Plan provides that liens are being modified, here with consent of the affected creditors, Mover and the D'Addarios.  Plan, pages 5-7 and Exhibit A to the Plan (D'Addario agreement).

  - Defaults are being waived.  §1123(a)(5)(G), Plan, page 2 to 13 (treatment of classes).

  - Maturity dates of the claims of secured creditors (D'Addarios and Mover) are being modified.    §1123(a)(5)(H), Plan, pages 2 to 13 and Exhibit A to the Plan.

  - New securities of the Debtor will be issued following plan confirmation.  §1123(a)(5)(j)   Plan, pages 16 - 17.

1  • (a)(6).  The Plan provides for the inclusion in the Debtor's charter of a

2  provision prohibiting the issuance of nonvoting equity securities.

3  §1123(a)(6), Plan, page 15.

4  • (a)(7).  The Plan contains provisions which are consistent with creditors'

5  interest and the public interest as to the manner of selecting new officers or

6  directors.  Plan, pages 14, 16 - 17.

7  • (a)(8).  This provision applies only to individual chapter 11 debtors.

8  **3.    The Requirements of Section 1125 Have Been Satisfied**

9  The provisions of §1125 were fully complied with in connection with this

10  Court's "Order Approving Disclosure Statement, Notice of Confirmation Hearing,

11  and

12  Related Voting and Confirmation Procedures" (docket no. 210) and the Court's

13  subsequent approval of the Proponent's Supplement. (docket no. 366)

14  **B.    §1129(a)(2); The Proponent of the Plan Complies With the**

15  **Applicable Provisions of Title 11.**

16

17  The Proponent has complied with all applicable provisions of the Bankruptcy

18  Code.  The relevant consideration here is whether the Proponent has complied with

19  Section 1125, which requires full disclosure prior to solicitation of acceptances.

20  The Debtor and Mover prepared a detailed Disclosure Statement (docket

21  206) to which 7175 objected to and the Court thereafter approved (docket 210).

22  The Disclosure Statement was distributed to all creditors with a prior version of the

23  Plan.  The filed proof of service shows the solicitation package was served on the

24  creditor body. (Docket No. 216) Also, the operative Plan, a notice, a supplement

25  and other documents were served on all creditors and parties-in-interest.  (Docket

26  no.s 379, 379-1 and 382)

27  ///

28  ///

1    **C.    §1129(a)(3); The Plan Has Been Proposed in Good Faith and Not By**

2    **Any Means Forbidden By Law.**

3    Section 1129(a)(3) requires that the proponent of a reorganization plan

4  comply with all applicable law, not merely bankruptcy law.  The good faith

5  standard is undefined in the Code and has been developed and construed on a

6  case-by-case basis.   A plan is proposed with the necessary good faith where the

7  plan achieves a result which is consistent with the Bankruptcy Code's objectives and

8  purposes. In re Sylmar Plaza, 314 F.3d 1070, 1074-75 (9th Cir. 2002).

9    One case explained the good faith requirement as follows:

10

11    Essentially, a reorganization plan is proposed in good faith when
    there is a reasonable likelihood that the plan will achieve a result
    consistent with the objectives and purposes of the Bankruptcy Code....

12    The primary purpose of the reorganization chapters of both the Act
    and the Code has been to promote restructuring of debt and the

13    preservation of economic units rather than a dismantling of the
    estate."

14

15  In re Nite Lite Inns, 17 Bankr. 367, 370 (Bankr. S.D. Cal. 1982).

16    No party has thus far suggested that the Plan was not proposed in good faith

17  or by any means forbidden by law.

18    Good faith is demonstrated by the following:

19    •    Unsecured creditors are being paid a significant dividend under the

20    Plan.

21    •    Class 1 voted to accept the Plan.

22    •    With the agreement with the D'Addarios as contained in the operative

23    Plan, Classes 2 and 3 are providing written statements supporting

24    approval. The D'Addarios lowered the principal balance on the loans

25    by $500,000 to help the Plan.

26    •    Class 4 is unimpaired.

27    •    Class 5 claimants voted without exception to accept the Plan.  Barring

28    an objection from 7175,

- While it is unclear if Class 6 will support the Plan, in the formation of Class 6 as part of a settlement with 7175, 7175 agreed to reduce its monetary demands from close to $1 million down to $400,000 to be paid over time.  The extensive negotiations over time with 7175 and with the D'Addario creditors suggests strong efforts to present a plan that incorporates the major creditors' concerns.

- The Plan preserves the property of the estate as one economic unit and does not propose a liquidation.

**D.    §1129(a)(4);  All Payments Requiring Review By the Court Have Been or Will Be Subject to Approval as Reasonable.**

All payments in this case requiring disclosure and approval by this Court pursuant to Section 1129(a)(4) are and will be subject to approval by this Court through the filing of fee applications on behalf of the professionals.

**E.    §1129(a)(5); The Proponents of the Plan Have Disclosed the Identities and Affiliations of Persons Participating in the Plan.**

This section requires full disclosure of certain information regarding persons and entities who will serve under the Plan or who will be involved in the Plan.

This Disclosure Statement provides this disclosure.

**F.    §1129(a)(6); Approval of Regulated Charges.**

Section 1129(a)(6), which requires approval of certain regulated charges, is inapplicable to this Debtor.

**G.    §1129(a)(7); Each Holder of a Claim or Interest of an Impaired Class Has Accepted the Plan or Will Receive Property of Value Not Less Than the Amount that Such Holder Would Receive or Retain if the Debtor's Assets Were Liquidated Under Chapter 7 of the Bankruptcy Code.**

To satisfy this requirement, creditors must accept the Plan or will receive or retain under the Plan on account of such claims or interest property of a value, as

of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of the title.

Going to the first element, acceptance of the Plan:

- Class 1 (Mover) voted to accept the Plan.

- Classes 2 and 3 (D'Addario claims) voted to reject the Plan and then negotiated a resolution of their differences and are supporting the operative Plan.

- Class 4 (Jaurigui priority wage claim) did not vote as this class is unimpaired.

- Class 5 (general unsecured creditors) voted to accept the Plan, upon the removal of D'Addario claims to Class 2 and 3 and upon the removal of the 7175 claim to Class 5.

- Class 6 (7175 unsecured claim) voted in Class 5 to reject the Plan. It is unknown if 7175 in Class 6 will support or oppose the Plan.

- Class 7 (subordinated unsecured claims - fines, penalties, etc.). No ballots were cast in this Class though the Class exists as a place holder in the event a claim of this type exists.

Attached is a copy of the previously filed ballot summary. (**Exhibit "A"**)

Going to the second element, liquidation, the amount of secured claims and administrative claims exceeds the value of the estate's assets at liquidation. See **Exhibit "B,"** attached hereto. In a liquidation, secured creditors would receive payment in order of the priority of their claims. Their claims exceed $1 million. Administrative claims amount to perhaps $500,000.

In liquidation, no creditor other than secured creditors would be paid. Administrative and unsecured creditors would receive no distribution unless fraudulent conveyances did occur and the Debtor is able to recover monies, an assumption the Proponent cannot assume.

No creditor has yet objected to Plan confirmation arguing that at liquidation creditors would be paid more if the Debtor's assets were liquidated.

Class 8, interest holders, are deemed to have rejected the Plan as they are receiving no equity interest. However, Class 8 members are not receiving less than what they would receive in a liquidation - nothing.

H.    §1129(a)(8); Acceptance by Classes of Impaired Claims.

The Code provides that each impaired class must vote to accept the plan or each class is not impaired under the plan.  In the event §1129(a)(8) is not satisfied, then the proponent may resort to §1129(b).

All classes are impaired (other than Class 4).  Class 8, the equity class, is deemed to have rejected the Plan.  Class 1 voted to accept the Plan.  Class 2 and 3 are supporting the Plan.  Class 5 voted affirmatively to accept the Plan.  Class 6 (while in class 5) voted to reject the then operative Plan. Thereafter the Proponent, the Debtor and 7175 negotiated a settlement of their differences.  While the Proponent believes that 7175 will indicate that it supports confirmation of the Plan, 7175 may not.

This provision is not satisfied.

I.    §1129(a)(9); The Plan Complies With the Required Treatment of Administrative and Priority Claims.

The Plan provides holders of allowed claims entitled to priority under §507 will receive cash equaling the allowed amount of such claims on the effective date, or as soon as practicable thereafter.  Section 1129(a)(9) is satisfied.

Any tax claims will be paid in full within five years of the date of filing of the bankruptcy petition.  The Jaurigui wage claim will be paid on the Effective Date.

Professionals will be paid following the approval of applications for compensation and, with the agreement of such professionals, over time.

J.   §1129(a)(10);   Multiple Classes of Impaired Claims Have Accepted the Plan, Determined Without Including Any Acceptance of the Plan by an Insider.

Section 1129(a)(10) requires affirmative acceptance of the Plan by at least one impaired class, without counting the votes of insiders.

- Class 1 voted to accept.

- Classes 2 and 3 will accept the Plan.

- Class 5 voted to accept the Plan.

- Class 6, with the agreement between the Proponent, 7175 and the Debtor, should support the Plan but this is uncertain.

- Class 8, equity, will retain no equity.  This class is deemed to have rejected the Plan.

K.   §1129(a)(11); The Plan Is Feasible.

Section 1129(a)(11) requires the Court to find that:

Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation is proposed in the plan.

11 U.S.C. §1129(a)(11).

In addressing feasibility, the 9th Circuit Bankruptcy Appellate Panel stated:

To demonstrate that a plan is feasible, a debtor need only show a reasonable probability of success. Acequia, 787 F.2d at 1364.  The Code does not require the debtor to prove that success is inevitable, In re WCI Cable, Inc., 282 B.R. 457, 486 (Bankr.D.Or.2002), and a relatively low threshold of proof will satisfy § 1129(a)(11), In re Sagewood Manor Assocs. Ltd., 223 B.R. 756, 762 (Bankr.D.Nev.1998), so long as adequate evidence supports a finding of feasibility.  See In re Pizza of Hawaii, Inc., 761 F.2d at 1382 (reversing where feasibility determination excluded consideration of major claim).

Computer Task Group vs. Brotby (In re Brotby), 303 B.R. 177, 191-192 (9th Cir. BAP 2003).

A debtor needs to show is a reasonable probability of success, not a guaranty.

1    The Debtor's Exhibits show (as do the Monthly Operating Reports filed in this

2    case) the Debtor's stable financial strength.

3    During the chapter 11 case, the Debtor moved from considerable accrued

4    losses for year 2015 <$291,649>, for year 2016 of <$69,1032>, to a positive

5    net income of $178,215 for 2017.  For the first 3 months of 2018, the Debtor's

6    accrued income was $10,472.55.  The Debtor, after payment of interim

7    professionals' fees of approximately $150,000 is holding $437,000 in its accounts

8    (combined) as of May 7, 2018.  The Debtor anticipates receiving another

9    approximate $350,000 as deposits from film stage tenants in the next few weeks.

10   Debtor's counsel is holding the Proponent's $250,000 new value contribution.

11   Attached as **Exhibit "C"** is an annual financial report for the Debtor for year 2016,

12   ending December 31st.  Attached as **Exhibit "D"** is an annual financial report for

13   the Debtor for year 2017, ending December 31st. Attached as **Exhibit "E"** is a copy

14   of an internal P&L statement (accrued) for the period January through March,

15   2018, which has not yet been reviewed by the Debtor's CPA.  It may be adjusted.

16

17   The Debtor is reflecting an accrued loss for the period January through April,

18   2018, of <$60,926> as of the end of April, 2018, but that sum includes the

19   payment of $150,000 in professional fees awarded.  A copy of the P&L statement

20   for the period January through April, 2018, is attached as **Exhibit "F ."**

21   The Debtor's business model has been modified somewhat during the

22   chapter 11 case by the addition of long term sound stage rentals.  Doing so,

23   means that tenants commit to multi year contracts with steady monthly rental

24   payments which are pre-paid and held by the Debtor as deposits until the monies

25   are owed.  The tenants are national companies in the entertainment industry and

26   are stable tenants.  In addition, the Debtor has its rentals and events division and

27   the mini-producer suites.

28

1   The Debtor and the Proponent, in connection with the Disclosure Statement

2   and plan served on creditors in August, 2017, provided to creditors plan

3   projections reflecting income and expenses and plan payments through the plan

4   payment period.  Attached here as **Exhibit "G"** are revised projections which were

5   prepared by Genoveva Winsen, worked on by Mover and then reviewed and

6   approved by Richard Laski. The projections show the Debtor's continuing overall

7   strength and ability to perform under the Plan.

8   The Plan, if confirmed, is not likely to be followed by a liquidation or a need

9   for further financial reorganization.

10   **L.    §1129(a)(12); Requires the Payment of Filing Fees and Trustee's Fees**

11   **Pursuant to Section 1930 of the Bankruptcy Code.**

12   The Debtor is current in payments to the United States Trustee and will have

13   paid any then outstanding fees as of the Effective Date.

14

15   **M.    §1129(a)(13); Retirement Benefits Must Be Maintained.**

16   The Debtor does not offer retirement benefits.

17   Section 1129(a)(13) is inapplicable.

18   **N.    §1129(a)(14) Domestic Support Obligations.**

19   Section 1129(a)(14) is inapplicable.

20   **O.    §1129(a)(15)  Objection to Confirmation of an Individual Debtor's**

21   **Plan by the Holder of a Allowed unsecured Claim.**

22   Section 1129(a)(15) is inapplicable.

23   **P.    § 1129(d): Avoidance of Taxes.**

24   No governmental entity has requested that the Plan not be confirmed or has

25   suggested any avoidance.

26   ///

27   ///

28   ///

## II.

## The Requirements to Cramdown Any Objecting

## Class is Satisfied.  §1129(b)

Section 1129(b)(2) allows confirmation, despite rejection of a plan by one or more classes, if the plan "does not discriminate unfairly" and is "fair and equitable" with respect to the impaired classes of claims and interests rejecting the plan.

1.    Classes 2 and 3 (D'Addarios Secured Claims).

These classes voted to reject the then operative Plan, the 2nd Amended Plan. Since then, the D'Addarios and the Proponent negotiated a resolution of their differences (including the $500,000 reduction of the principal balance owed by the Debtor to the D'Addarios).  Attached are the declarations of Mr. D'Addario personally and D'Addario & Co. stating that they support confirmation of the Plan. (Exhibit "H)

The Proponent does not believe he will need to attempt to cram down Classes 2 and 3.

2.    Class 5 (General Unsecured Creditors).

This class voted against plan confirmation with respect to the Second amended Plan.  The rejection occurred because (1) 7175 as a member of Class 5 voted to reject the Plan and (2) the D'Addarios voted the unsecured portions of their claims against plan confirmation.  Since then, and with 7175's approval, 7175's claim has been removed to new Class 6.  Also, the D'Addario creditors reduced the principal balance of their claims by $500,000 rendering all of their claims secured.  The D'Addarios are not members of Class 5.

With the removal of 7175 and the D'Addarios, Class 5 affirmatively voted to accept the Plan.

The Proponent does not believe he will need to cram down Class 5.

///

3.   **Class 6.**

7175 is the sole member of this Class.  7175 negotiated an agreement with the Debtor and the Proponent.  The terms of the settlement are contained within the Plan at pages 9 to 13 and 15 -16 (Section (a) only)

The Proponent believes 7175 is committed to supporting the Plan though 7175's recent unilateral "Joint Status Report" (docket no. 360) outlines various areas of concern 7175 has with the operative Plan.

If 7175 opposes confirmation, then the Proponent will move to cram down Class 6.  The standard is that the treatment "does not discriminate unfairly" and is "fair and equitable".

- The treatment found in Class 6 was negotiated by the Debtor, the Proponent and 7175.  7175 voluntarily agreed to the terms.  It could have instead rejected the treatment and continued its litigation in the state court.  That 7175 agreed to the terms provided for in Class 6 is strong evidence that the treatment does not unfairly discriminate and is fair and equitable.

- 7175 is seeking insurance policies of the Debtor to ascertain if it has additional sources of recovery for its alleged losses.

- The Proponent agreed to assign his right to receive payments under the Plan on account of his secured claim to Class 6 for a period of years.

- 7175, in its push for information concerning insurance policies, believes that it has an alternative means of recovery.

- 7175 also has claims against Philip Jaurigui.

- In liquidation, 7175 would receive nothing.

The treatment provided for in the Plan is for the payment of approximately 40% of 7175's unsecured claim over time.  7175 negotiated this treatment.

4.      **Class 8 (Equity).**

The Plan does not discriminate unfairly against the interest holders. Discrimination is permitted; unfair discrimination is not. Here the liquidation analysis shows that on liquidation there would be no value left to interest holders. The value of all assets would be distributed to senior classes. In a liquidation, D'Addario's senior claim would probably receive all of the Debtor's liquidation value with two junior secured claims, that of Mover and D'Addario, next in line. There would be no distribution for members of Classes 4, 5, 6 and 7.

## III.

## The Court Should Approve the Settlement Agreement
## with the D'Addario Creditors.

A.      **The Settlement Agreement's Terms.**

The Settlement Agreement with the D'Addario creditors is attached to the Plan as Exhibit "A." It is signed by the D'Addario creditors and by the Proponent. The Debtor has not entered into the Settlement Agreement.

What follows is a brief summary of some of the Settlement Agreement's terms. The reader should read the full Settlement Agreement and not rely on this truncated summary.

The Settlement Agreement provides in part that the D'Addarios would reduce the balance of their claims from approximately $1.4 million to $900,000. The Proponent is not aware of substantial grounds for challenging the $1.4 million claim though some argument could be made that the D'Addarios may not have accounted for post-petition claims. In any event, the difference in claim amount would be insubstantial. The payment period would be over 12 years.

The loans would be recast into three amended notes secured by the existing liens. The first loan will be recast to a note for $500,000, secured by the senior lien, with interest at 9%, amortized over 7 years with full payment in the 7 year

1    period.  The second loan would be recast from two notes of $150,000 and

2    $250,000 to one note for $400,000, secured by the third position lien.  Interest

3    only payments will be requird during yers 1 to 7 followed by payment of both

4    principal and interest in years 8 through 12.

5         The Settlement Agreement provides that if the Debtor has excess operating

6    cash (as defined in the agreement (page 4, §f), then the Debtor must make

7    distributions, 50% to pay down the D'Addario loans and 50% to equity.

8         The Settlement Agreement provides for termination events (page 5, §g).  If

9    substantially all of the Debtor's assets are sold, if Mover no longer retains 51% or

10   more of the Debtor's stock or if the Debtor's current lease expires, then the full

11   indebtedness shall be due.  With respect to the lease termination provision, in the

12   event the current lease expires, and the Debtor moves to a new leasehold, subject

13   to the consent of the D'Addarios which shall not be unreasonably withheld, then

14   the termination of the lease shall not be a terminating event.

15

16        The Debtor is required to maintain a bank account (the "springing account")

17   with $50,000 to be held in the account at all times.  In the event of a monetary or

18   non-monetary default under the agreement and after written notice of such default

19   with the default not being timely cured, then the D'Addarios may exercise a remedy

20   to seize the monies in the springing account.

21        Under the Settlement Agreement, the D'Addario creditors are obligated to

22   support plan confirmation.

23        **B.     The Settlement Agreement is Reasonable and Should Be Approved.**

24        The Settlement Agreement represents a compromise by the parties.  This

25   Court has discretion whether to approve the settlement agreement.  Drexel

26   Burnham Lambert, Inc. v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec.

27   Litig.), 730 F.2d 1128, 1135 (8th Cir.1984), cert. denied. sub nom.  Reavis &

28   McGrath v. Antinore, 469 U.S. 1207 (1985).   In considering whether to approve

the settlement agreement, the Bankruptcy Court is to consider various factors.

Martin vs. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (1986)

The first factor is likelihood of success on the merits in the litigation. Here the Debtor does not believe that it could substantially reduce the dollar amount of the D'Addarios' claims. Negotiating a reduction of $500,000 as to the amount owed, from $1.4 million to $900,000 is a substantial benefit. This factor is satisfied.

The second factor considers the difficulty collecting a judgment. This factor is not relevant here.

The third factor considers the complexity of the litigation and its expense. Though the Debtor could litigate the amount of the D'Addarios' claims, the reduction would not be substantial. This factor is really not relevant.

The fourth factor looks to the creditors' interests. From their perspective, avoiding litigation, confirming a plan, reducing by the secured claims by $500,000 constitutes a better result for creditors.

The Debtor is entitled to deference from the Court in the Debtor's exercise of its business judgment, especially here where (1) the D'Addarios are not insiders and (2) the Debtor's business judgment is supported by the facts.

IV.

Conclusion

**WHEREFORE** the Proponent requests that the Court:

1.    Find that the Plan satisfies §1129 and other applicable sections of the U.S. Bankruptcy Court;

2.    Find that the Plan should be confirmed;

3.    Confirm the Fourth Amended Plan; and

4.    Approve the settlement with the D'Addario creditors.

///

Dated: May 8, 2018                    Respectfully submitted,

THE FOX LAW CORPORATION


_____
Steven R. Fox, attorney for Plan Proponent,
Jonathan Mover

In re

    **Swing House Rehearsal And Recording, Inc.**
    **Philip Joseph Jaurigui**

                      **Debtor(s)**

**Chapter 11**
**Lead Case No.: 2:16-bk-24758-RK**
**Case No.: 2:16-bk-24760-RK**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **17835 Ventura Blvd., Suite 306, Encino, CA 91316**

A true and correct copy of the foregoing document entitled *__Motion For Approval Of Fourth Amended Chapter 11 Plan Of Reorganization Dated April 16, 2018 And Request That The Court Approve The Settlement Agreement With The D'Addario Creditors__* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 8, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Counsel for Creditor Jonathan Mover:** Steven R Fox emails@foxlaw.com, **Counsel for 7175 WB, LLC:** Michael D Good mgood@southbaylawfirm.com, **Unknown:** Robbin L Itkin robbin.itkin@dlapiper.com, cheryleigh.bullock@dlapiper.com, **Counsel for Debtor:** Jeffrey S Kwong jsk@lnbyb.com, jsk@ecf.inforuptcy.com, **Unknown:** Richard J Laski (TR) rlaski@wilshirellc.com, **Unknown:** David W. Meadows david@davidwmeadowslaw.com, **Counsel for Hyundai Lease Titling Trust:** Austin P Nagel melissa@apnagellaw.com, **Counsel for Philip Jaurigui:** Leonard Pena lpena@penalaw.com, penasomaecf@gmail.com, **Debtor's Counsel:** Kurt Ramlo kr@lnbyb.com, kr@ecf.inforuptcy.com, **Unknown:** Justin E Rawlins jrawlins@winston.com, docketla@winston.com, **On behalf of West Casitas, LLC:** Derrick Talerico dtalerico@ztlegal.com, maraki@ztlegal.com, **Trustee:** United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov, **On behalf of D'Addario & Company, Inc. And James D'Addario:** Rolf S Woolner rwoolner@winston.com, DocketSF@winston.com;pacercourtfile@winston.com, **On behalf of U.S. Trustee:** Hatty K Yip hatty.yip@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **May 8, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Robert Kwan, U.S. Bankruptcy Court, 255 E. Temple St., Suite 1682, Los Angeles, CA 90012, U.S. Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017

X  Service information continued on attached page

1  ~~3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**~~
~~(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *May~~
2  ~~8, 2018*, I served the following persons and/or entities by personal delivery, overnight mail service, or (for~~
~~those who consented in writing to such service method), by facsimile transmission and/or email as follows.~~
3  ~~Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will~~
~~be completed no later than 24 hours after the document is filed.~~
4

5                                                              ☐ Service information continued on attached page

6

7  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

8  | May 8, 2018  Sandy Cuevas | | |
   | *Date* | *Printed Name* | *Signature* |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Swing House Rehearsal and Recording, Inc.**
**Ch. 11 Case No. 2:16-bk-24758-RK**
**20 Largest Creditors (25)**

7175 WB, LLC
PO BOX 1129
Studio City, CA 91614

Blue Sky Properties
PO BOX 1129
Studio City, CA 91614

Helen Melman
815 Moraga Drive
Los Angeles, CA 90049

Alexandra Greenberg
1483 North Occidental Boulevard
Los Angeles, CA 90026

Friedman Kannenberg
17 Talcott Notch Road
Farmington, CT 06032

Star Power Generators
3020 Old Ranch Parkway
Suite # 300
Seal Beach, CA 90740

Skylift Rentals
PO BOX 2224
Irwindale, CA 91706

Phil Jaurigui
1483 N. Occidental Blvd.
Los Angeles, CA 90026

Swing House Rehearsal a
and Recording, Inc.,
3229 Casitas Ave
Los Angeles, CA 90039

D'Addario Co.
595 Smith Street
Farmingdale, NY 11735

West Casitas LLC
3191 Casitas Avenue, Suite #130
Los Angeles, CA 90039

Chase Bank
PO Box 94014
Palatine, IL 60094

Greenberg & Bass
16000 Ventura Boulevard, Suite 1000
Encino, CA 91436

Jordan Winsen
13636 Ventura Boulevard #453
Sherman Oaks, CA 91423

Sirius Mechanical
11824 Graham Street
Moreno Valley, CA 92557

Cleerline
8404 El Way #2B
Missoula, MT 59808

Jim D'addario
595 Smith St.
Farmingdale, NY 11735

John J. Burke, Jr.
D'Addario & Company, Inc.
595 Smith Street
Farmingdale, NY 11735-1116

Sound Distribution and Sales
691 Executive Drive
Willowbrook, IL 60527

Bank Of America
PO Box 15796
Wilmington, DE 19886

David Kaiser
3229 Casitas Avenue
Los Angeles, CA 90039

Frontier Airlines
PO Box 23066
Columbus, GA 31902

Aspect Lighting
10711 Fulton Wells Avenue
Santa Fe Springs, CA 90670

Sheryl Elfant
2121 Valderas Drive # 12
Glendale, CA 91208

Jonathan Mover
3229 Casitas
Los Angeles, CA 90039

# Exhibit "A"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Kurt Ramlo (SBN 166856) (kr@lnbyb.com)<br>Jeffrey S. Kwong (SBN 288239) (jsk@lnbyb.com)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Blvd., Ste. 1700<br>Los Angeles, CA 90067<br>Tel: (310) 229-1234; Fax: (310) 229-1244<br><br>THE FOX LAW CORPORATION<br>Steven R. Fox (CBN 138808) (srfox@foxlaw.com)<br>17835 Ventura Blvd., Ste. 306<br>Encino, CA 91316<br>Tel: (818) 774-3545, Fax: (818) 774-3707<br>☐ Individual appearing without attorney<br>☐ Attorney for: Swing House | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>SWING HOUSE REHEARSAL AND RECORDING, INC., | CASE NO.: 2:16-bk-24758-RK<br>CHAPTER: 11 |
|---|---|
| | **PLAN BALLOT SUMMARY**<br><br>*(NOTE: The Plan Proponent must file a Plan Ballot Summary at least 1 day prior to the Confirmation Hearing.)* |
| | DATE: 11/02/2017<br>TIME: 9:00 am<br>COURTROOM: 1675<br>ADDRESS: 255 East Temple Street<br>        Los Angeles, CA 90012 |
| Debtor(s). | |

1. Proponent of Plan *(specify name)*: Swing House Rehearsal and Recording, Inc. and Jonathan Mover

2. Are there any competing plans filed with the court?        ☒ Yes        ☐ No

3. Is a cramdown requested?        ☒ Yes        ☐ No

4. Unimpaired classes *(specify class numbers)*:  Class 4

5. Impaired classes *(specify class numbers)*:  Classes 1, 2, 3, 5, 6, 7

6. Has any impaired class approved the Plan?        ☒ Yes        ☐ No
   *(If YES, specify which class or classes)*: Class 1

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2014*                    Page 1                    **F 3018-2.PLAN.BALLOT.SUMMARY**

7.  Pursuant to 11 U.S.C. § 1126(c), only the actual ballots cast are counted to determine whether a given class has voted to accept or reject the plan.  That section further provides that a class will have accepted the plan if voting creditors in such class holding at least **two-thirds in amount** and more **than one-half in number** have voted to accept the plan.

The following is a summary by creditor class of the ballots that were returned in a timely manner (an example is included on the following page):

| Class | Impaired? | Total number of claims voted by members of class (N) | Number of claims voted in favor of accepting the plan (A) and rejecting the plan (R) | Percentage accepting (A ÷ N) | Aggregate dollar amount of claims voted by members of class (Amt) | Dollar amount of claims voted in favor of accepting the plan (A) and rejecting the plan (R) | Percentage accepting (A ÷ Amt) |
|---|---|---|---|---|---|---|---|
| | | | **Number** | | | **Amount** | |
| 1 | Yes | (N) 1 | (A) 1 (R) | 100.00% | (Amt) $110,558.00 | (A) $110,558.00 (R) | 100.00% |
| 2 | Yes | (N) 1 | (A) (R) 1 | 0.00% | (Amt) $193,808.00 | (A) (R) $193,808.00 | 0.00% |
| 3 | Yes | (N) 1 | (A) (R) 1 | 0.00% | (Amt) $695,604.00 | (A) (R) $695,604.00 | 0.00% |
| 5 | Yes | (N) 17 | (A) 14 (R) 3 | 82.35% | (Amt) $2,109,319.30 | (A) $703,376.00 (R) $1,405,943.31 | 33.35% |
| | | (N) | (A) (R) | 0.00% | (Amt) | (A) (R) | 0.00% |
| | | (N) | (A) (R) | 0.00% | (Amt) | (A) (R) | 0.00% |
| | | (N) | (A) (R) | 0.00% | (Amt) | (A) (R) | 0.00% |
| | | (N) | (A) (R) | 0.00% | (Amt) | (A) (R) | 0.00% |
| | | (N) | (A) (R) | 0.00% | (Amt) | (A) (R) | 0.00% |
| | | (N) | (A) (R) | 0.00% | (Amt) | (A) (R) | 0.00% |

☐ *see attached continuation page*

Comments:

Class 1 is an insider class.  Detailed summary of votes and plan preferences, and copies of ballots are attached.

Date: 09/16/2017

/s/ Kurt Ramlo
_____
Signature of Debtor, or attorney for Debtor

Kurt Ramlo
_____
Printed name of Debtor, or attorney for Debtor

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## Class 1 Claim Holder

| No. | Creditor | Amount Fn. 1 | Accept | Reject | | Plan Preference |
|---|---|---|---|---|---|---|
| 1 | Jonathan Mover | $110,588.00 | 1 | | insider | Debtor |

## Class 2 Claim Holder

| No. | Creditor | Amount Fn. 1 | Accept | Reject | |
|---|---|---|---|---|---|
| 1 | D'Addario, James | $193,808.00 | | 1 | none |

## Class 3 Claim Holder

| No. | Creditor | Amount Fn. 1 | Accept | Reject | |
|---|---|---|---|---|---|
| 1 | D'Addario & Company, Inc. | $695,604.00 | | 1 | none |

## Class 5 Claim Holders

| No. | Creditor | Amount Fn. 1 | Accept | Reject | notes | |
|---|---|---|---|---|---|---|
| 1 | Aspect Lighting | $11,524.00 | 1 | | | Debtor |
| 2 | Berkowitz, Sarah | $500.00 | 1 | | | Dentor |
| 3 | D'Adtario & Company, Inc. | $348,238.00 | | 1 | | none |
| 4 | D'Addario, James | $97,025.00 | | 1 | | none |
| 5 | | | | | | |
| 6 | Friedman, Alan ($12,496.00 claim waived) | | | | | n/a |
| 7 | Telles, Peter (7175 W.B. LLC) | $960,680.31 | | 1 | | 7175 |
| 8 | Greenberg & Bass | $18,285.00 | 1 | | | Debtor |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | Kaiser, David | $16,800.00 | 1 | | | Debtor |
| 12 | Melman, Helen | $32,969.00 | 1 | | | Debtor |
| 13 | Minkes, Joseph | $1,373.00 | 1 | | | Debtor |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | Nathanson and Kernochan | $500.00 | 1 | | | Debtor |
| 17 | Star Power Generators | $7,754.00 | 1 | | | Debtor |
| 18 | Winsen, Jordan | $12,000.00 | 1 | | | Debtor |
| | total number of votes | 17 | 14 | 3 | | |
| | insider portion | 5 | 5 | 0 | | |
| | noninsider portion | 12 | 9 | 3 | | |
| | total | $2,109,319.31 | $703,376.00 | $1,405,943.31 | | |
| | insider portion | | | $0.00 | | |
| | non-insider totals | $1,507,648.31 | $101,705.00 | $1,405,943.31 | | |

| Class 5 | | | |
|---|---|---|---|
| Ballots Accepting, Totaling: | $703,376.00 | 14 | |
| Ballots Rejecting, Totaling: | $1,405,943.31 | | 3 |
| | | | |
| Percentage of acceptance in number of votes: | 82.35% | | |
| Percentage of acceptance in dollar amount: | 33.35% | | |

| Adjusted excluding insiders | | | |
|---|---|---|---|
| | adjusted total | | |
| | $1,507,648.31 | | |
| Ballots Accepting, Totaling: | $101,705.00 | 9 | |
| Ballots Rejecting, Totaling: | $1,405,943.31 | | 3 |
| | | | |
| Percentage of acceptance in number of votes: | 75.00% | | |
| Percentage of acceptance in amount: | 6.75% | | |

Moven

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### Los Angeles Division

In re:

**SWING HOUSE REHEARSAL AND
RECORDING, INC.,**

      Debtor and Debtor in Possession,

---

In re:

PHILIP JOSEPH JAURIGUI,

      Debtor and Debtor in Possession.

---

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And
Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

Lead Case No.: 2:16-bk-24758-RK
Jointly administered with:
Case No. 2:16-bk-24760-RK

Chapter 11 Cases

**Class 1 Ballot for Creditors to Use to Accept
or Reject Debtor's Amended Chapter 11
Plan of Reorganization Dated August 7,
2017**

Ballot Must Be Received by:
**September 8, 2017, Not Later Than 5:00
p.m.** Pacific Standard Time

---

### CLASS 1 BALLOT FOR ACCEPTANCE OR
### REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
### AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:

The undersigned, a holder of a Class 1 allowed secured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ __110,588.00__, hereby:

( **X** )      **ACCEPTS** the Plan

(    )      **REJECTS** the Plan

There are two chapter 11 plans pending before the Bankruptcy Court:  (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC.  If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm.  Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

( **X** )      chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(    )      chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: _JONATHAN MOVER_

Signature: _____    Dated: _14 Aug 17_

Title (if corporation or partnership): _____

Address: _2 ORTON LN, Moultonborough, NH 03254_

Telephone _917 337 9444_ Facsimile: _____

Email Address: _____

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn: Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

| | |
|---|---|
| In re:<br><br>SWING HOUSE REHEARSAL AND RECORDING, INC.,<br><br>Debtor and Debtor in Possession,<br><br>In re:<br><br>PHILIP JOSEPH JAURIGUI,<br><br>Debtor and Debtor in Possession. | Lead Case No.: 2:16-bk-24758-RK<br>Jointly administered with:<br>Case No. 2:16-bk-24760-RK<br><br>Chapter 11 Cases<br><br>**Class 2 Ballot for Creditors to Use to Accept or Reject Debtor's Amended Chapter 11 Plan of Reorganization Dated August 7, 2017**<br><br>Ballot Must Be Received by:<br>**September 8, 2017, Not Later Than 5:00 p.m.** Pacific Standard Time |

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

**CLASS 2 BALLOT FOR ACCEPTANCE OR
REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:**

The undersigned, a holder of a Class 2 allowed secured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ _193,808.00_ , hereby:

(    )    **ACCEPTS** the Plan

( X )    **REJECTS** the Plan

There are two chapter 11 plans pending before the Bankruptcy Court:  (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC.  If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans.  The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm.  Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

(    )        chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(    )        chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: _James D'Addario_

Signature: _[signature]_ Dated: _9/6/17_

Title (if corporation or partnership): _____

Address: _595 Smith Street Farmingdale, NY 11735_

Telephone _631-439-3300_ Facsimile: _631-439-3309_

Email Address: _jad@daddario.com_

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn: Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

In re:

SWING HOUSE REHEARSAL AND
RECORDING, INC.,

Debtor and Debtor in Possession,

---

In re:

PHILIP JOSEPH JAURIGUI,

Debtor and Debtor in Possession.

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And
Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

Lead Case No.: 2:16-bk-24758-RK
Jointly administered with:
Case No. 2:16-bk-24760-RK

Chapter 11 Cases

**Class 3 Ballot for Creditors to Use to Accept
or Reject Debtor's Amended Chapter 11
Plan of Reorganization Dated August 7,
2017**

Ballot Must Be Received by:
**September 8, 2017, Not Later Than 5:00
p.m.** Pacific Standard Time

## CLASS 3 BALLOT FOR ACCEPTANCE OR
## REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
## AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:

The undersigned, a holder of a Class 3 allowed secured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ __695,604.00__ , hereby:

( )    **ACCEPTS** the Plan

(X)    **REJECTS** the Plan

There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

(____)    chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(____)    chapter 11 plan filed by 7175 WB, LLC

33

Print or Type Name: D'Addario & Company, Inc.

Signature: _____    Dated: 9/6/17

Title (if corporation or partnership): General Counsel / Corporate Secretary

Address: 595 Smith Street  Farmingdale, NY 11735

Telephone 631-439-3230    Facsimile: 631-439-3309

Email Address: john.burke @daddario.com

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn: Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

In re:

SWING HOUSE REHEARSAL AND
RECORDING, INC.,

    Debtor and Debtor in Possession.

_____

In re:

PHILIP JOSEPH JAURIGUI,

    Debtor and Debtor in Possession.

_____

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And
Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

Lead Case No.: 2:16-bk-24758-RK
Jointly administered with:
Case No. 2:16-bk-24760-RK

Chapter 11 Cases

**Class 5 Ballot for Creditors to Use to Accept
or Reject Debtor's Amended Chapter 11
Plan of Reorganization Dated August 7,
2017**

Ballot Must Be Received by:
**September 8, 2017, Not Later Than 5:00
p.m.** Pacific Standard Time

**CLASS 5 BALLOT FOR ACCEPTANCE OR
REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:**

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and
Recording, Inc. in the unpaid amount of $ __11,524.00__ , hereby:

( X )       **ACCEPTS** the Plan

(___)       **REJECTS** the Plan


There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing
House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the
Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the
Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy
Court to consider the preferences of creditors and equity security holders in determining which plan to
confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their
preference by filling in the information below, signing the form, and delivering the completed form in the
manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc.,
prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

( X )       chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(___)       chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: SID KHERA / Aspect Lighting

Signature: _____    Dated: 6 Sept, 17

Title (if corporation or partnership): _____

Address: 7142 E. SLAUSON AVENUE, Commerce, CA 90XX

Telephone 714.395.4775   Facsimile: _____

Email Address: SID@ASPECTLIGHTING.COM

To have your vote count, a completed ballot must be **received** no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn:  Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

Los Angeles Division

| | |
|---|---|
| In re:<br><br>SWING HOUSE REHEARSAL AND RECORDING, INC.,<br><br>    Debtor and Debtor in Possession,<br><hr><br>In re:<br><br>PHILIP JOSEPH JAURIGUI,<br><br>    Debtor and Debtor in Possession.<br><hr><br>☐ Affects Both Debtors.<br><br>☒ Affects Swing House Rehearsal And Recording, Inc. Only.<br><br>☐ Affects Philip Joseph Jaurigui Only. | Lead Case No.: 2:16-bk-24758-RK<br>Jointly administered with:<br>Case No. 2:16-bk-24760-RK<br><br>Chapter 11 Cases<br><br>**Class 5 Ballot for Creditors to Use to Accept or Reject Debtor's Amended Chapter 11 Plan of Reorganization Dated August 7, 2017**<br><br>Ballot Must Be Received by:<br>**September 8, 2017, Not Later Than 5:00 p.m.** Pacific Standard Time |

## CLASS 5 BALLOT FOR ACCEPTANCE OR REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $_____500.00_____, hereby:

(X)       **ACCEPTS** the Plan

(    )       **REJECTS** the Plan

There are two chapter 11 plans pending before the Bankruptcy Court:  (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC.  If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans.  The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm.  Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

(X)       chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(    )       chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: __SARAH BERKOWITZ__

Signature: __Sarah Berkowitz__    Dated: __6 Sept, 17__

Title (if corporation or partnership): _____

Address: __1061 Teller Ave, 1ˢᵗ Fl, Bronx, NY 10456__

Telephone __818.307.5219__    Facsimile: _____

Email Address: __SARAHTBERKOWITZ@GMAIL.COM__

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn: Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

2

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

| | |
|---|---|
| In re:<br><br>SWING HOUSE REHEARSAL AND RECORDING, INC.,<br><br>    Debtor and Debtor in Possession,<br>_____<br><br>In re:<br><br>PHILIP JOSEPH JAURIGUI,<br><br>    Debtor and Debtor in Possession.<br>_____<br><br>☐ Affects Both Debtors.<br><br>☒ Affects Swing House Rehearsal And Recording, Inc. Only.<br><br>☐ Affects Philip Joseph Jaurigui Only. | Lead Case No.: 2:16-bk-24758-RK<br>Jointly administered with:<br>Case No. 2:16-bk-24760-RK<br><br>Chapter 11 Cases<br><br>**Class 5 Ballot for Creditors to Use to Accept or Reject Debtor's Amended Chapter 11 Plan of Reorganization Dated August 7, 2017**<br><br>Ballot Must Be Received by:<br>**September 8, 2017, Not Later Than 5:00 p.m.** Pacific Standard Time |

**CLASS 5 BALLOT FOR ACCEPTANCE OR**
**REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED**
**AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:**

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ 4,896.00 , hereby:

( X )  **ACCEPTS** the Plan

(     )  **REJECTS** the Plan

There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

( X )      chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(     )      chapter 11 plan filed by 7175 WB, LLC

39

Print or Type Name: _Sheryl Elfant_

Signature: _Sheryl Elfant_ Dated: _8-1-17_

Title (if corporation or partnership): _____

Address: _2121 Valderas Dr. #12 Glendale CA 91208_

Telephone _925 324-3679_ Facsimile: _____

Email Address: _SherylElfant@gmail.com_

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn: Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

2

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

In re:

SWING HOUSE REHEARSAL AND
RECORDING, INC.,

    Debtor and Debtor in Possession,

_____

In re:

PHILIP JOSEPH JAURIGUI,

    Debtor and Debtor in Possession.

_____

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And
Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

Lead Case No.: 2:16-bk-24758-RK
Jointly administered with:
Case No. 2:16-bk-24760-RK

Chapter 11 Cases

**Class 5 Ballot for Creditors to Use to Accept
or Reject Debtor's Amended Chapter 11
Plan of Reorganization Dated August 7,
2017**

Ballot Must Be Received by:
**September 8, 2017, Not Later Than 5:00
p.m.** Pacific Standard Time

**CLASS 5 BALLOT FOR ACCEPTANCE OR
REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:**

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ _12,496.00_ , hereby:

( X )    **ACCEPTS** the Plan

( )    **REJECTS** the Plan

There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

( X )    chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

( )    chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: _ALAN M. FRIEDMAN, CPA, PARTNER_

Signature: _[signature]_  Dated: _8/17/2017_

Title (if corporation or partnership): _SECRETARY / OFFICER_

Address: _17 TALCOTT NOTCH ROAD, FARMINGTON, CT 06032_

Telephone: _(860) 677-9999_  Facsimile: _(860) 674-9602_

Email Address: _alan @ fkco.com_

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard
time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn: Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

2

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

| | |
|---|---|
| In re:<br><br>SWING HOUSE REHEARSAL AND RECORDING, INC.,<br><br>Debtor and Debtor in Possession, | Lead Case No.: 2:16-bk-24758-RK<br>Jointly administered with:<br>Case No. 2:16-bk-24760-RK<br><br>Chapter 11 Cases |
| In re:<br><br>PHILIP JOSEPH JAURIGUI,<br><br>Debtor and Debtor in Possession. | **Class 5 Ballot for Creditors to Use to Accept or Reject Debtor's Amended Chapter 11 Plan of Reorganization Dated August 7, 2017**<br><br>Ballot Must Be Received by:<br>**September 8, 2017, Not Later Than 5:00 p.m.** Pacific Standard Time |
| ☐ Affects Both Debtors.<br><br>☒ Affects Swing House Rehearsal And Recording, Inc. Only.<br><br>☐ Affects Philip Joseph Jaurigui Only. | |

**CLASS 5 BALLOT FOR ACCEPTANCE OR
REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:**

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ __18,285.00__, hereby:

( X )    **ACCEPTS** the Plan

( ___ )    **REJECTS** the Plan

There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

( X )    chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

( ___ )    chapter 11 plan filed by 7175 WB, LLC

43

Print or Type Name: _GREENBERG & BASS_

Signature: _____    Dated: _8/25/17_

Title (if corporation or partnership): _Managing Partner - Jarret Felt_

Address: _16000 VENTURA BLVD   SUITE 1000_
_ENCINO, CA  91436_
Telephone _818-382-6200_  Facsimile: _818-986-6534_

Email Address: _jfelt@greenbass.com_

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn:  Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

Los Angeles Division

In re:

SWING HOUSE REHEARSAL AND
RECORDING, INC.,

    Debtor and Debtor in Possession,

In re:

PHILIP JOSEPH JAURIGUI,

    Debtor and Debtor in Possession.

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And
Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

Lead Case No.: 2:16-bk-24758-RK
Jointly administered with:
Case No. 2:16-bk-24760-RK

Chapter 11 Cases

**Class 5 Ballot for Creditors to Use to Accept
or Reject Debtor's Amended Chapter 11
Plan of Reorganization Dated August 7,
2017**

Ballot Must Be Received by:
**September 8, 2017, Not Later Than 5:00
p.m.** Pacific Standard Time

**CLASS 5 BALLOT FOR ACCEPTANCE OR
REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:**

    The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and
Recording, Inc. in the unpaid amount of $ ___15,796___ , hereby:

( X )    **ACCEPTS** the Plan

(   )    **REJECTS** the Plan

    There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing
House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the
Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the
Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy
Court to consider the preferences of creditors and equity security holders in determining which plan to
confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their
preference by filling in the information below, signing the form, and delivering the completed form in the
manner set forth below.

    The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc.,
prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

( X )    chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(   )    chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: _Alexandra Greenberg_

Signature: _Alexandra Greenberg_    Dated: _9/8/17_

Title (if corporation or partnership):_____

Address: _1483 N. Occidental Blvd., Los Angeles, CA 90026_

Telephone _213-216-1755_  Facsimile:_____

Email Address: ~~_____~~ _alexgreenbergpr@gmail.com_

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn:  Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

2

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

| | |
|---|---|
| In re:<br><br>SWING HOUSE REHEARSAL AND<br>RECORDING, INC.,<br><br>Debtor and Debtor in Possession, | Lead Case No.: 2:16-bk-24758-RK<br>Jointly administered with:<br>Case No. 2:16-bk-24760-RK<br><br>Chapter 11 Cases<br><br>**Class 5 Ballot for Creditors to Use to Accept<br>or Reject Debtor's Amended Chapter 11<br>Plan of Reorganization Dated August 7,<br>2017** |
| In re:<br><br>PHILIP JOSEPH JAURIGUI,<br><br>Debtor and Debtor in Possession. | Ballot Must Be Received by:<br>**September 8, 2017, Not Later Than 5:00<br>p.m.** Pacific Standard Time |

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And
Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

**CLASS 5 BALLOT FOR ACCEPTANCE OR
REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:**

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ 225,000 , hereby:

(X)        **ACCEPTS** the Plan

(___)      **REJECTS** the Plan

There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

(X)        chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(___)      chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: _Philip J cauргui_

Signature: _____ Dated: _9/7/17_

Title (if corporation or partnership): _____

Address: _1483 N. OCCIDENTAL BLVD_

Telephone _323 816 4825_ Facsimile: _____

Email Address: _Phil @ SWINGHOUSE.COM_

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn: Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

2

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

In re:

SWING HOUSE REHEARSAL AND
RECORDING, INC.,

    Debtor and Debtor in Possession,

---

In re:

PHILIP JOSEPH JAURIGUI,

    Debtor and Debtor in Possession.

---

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And
Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

|  |
|---|
| Lead Case No.: 2:16-bk-24758-RK |
| Jointly administered with: |
| Case No. 2:16-bk-24760-RK |
|  |
| Chapter 11 Cases |
|  |
| **Class 5 Ballot for Creditors to Use to Accept** |
| **or Reject Debtor's Amended Chapter 11** |
| **Plan of Reorganization Dated August 7,** |
| **2017** |
|  |
| Ballot Must Be Received by: |
| **September 8, 2017, Not Later Than 5:00** |
| **p.m.** Pacific Standard Time |

**CLASS 5 BALLOT FOR ACCEPTANCE OR
REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:**

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ ____16,800.— ____, hereby:

( ✓ )    **ACCEPTS** the Plan

( ___ )    **REJECTS** the Plan

There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

( ✓ )    chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

( ___ )    chapter 11 plan filed by 7175 WB, LLC

Print or type Name: _David Kaiser_

Signature: _____    Dated: _8/29/17_

Title (if corporation or partnership): _____

Address: _1785 Ambrosa Ave Upland, CA 91784_

Telephone _626-203-7864_    Facsimile: _818-716-7013_

Email Address: _davek@soundmarketingreps.com_

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn:  Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

2

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

In re:

SWING HOUSE REHEARSAL AND
RECORDING, INC.,

    Debtor and Debtor in Possession,

---

In re:

PHILIP JOSEPH JAURIGUI,

    Debtor and Debtor in Possession.

---

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And
Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

Lead Case No.: 2:16-bk-24758-RK
Jointly administered with:
Case No. 2:16-bk-24760-RK

Chapter 11 Cases

**Class 5 Ballot for Creditors to Use to Accept
or Reject Debtor's Amended Chapter 11
Plan of Reorganization Dated August 7,
2017**

Ballot Must Be Received by:
**September 8, 2017, Not Later Than 5:00
p.m.** Pacific Standard Time

**CLASS 5 BALLOT FOR ACCEPTANCE OR
REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:**

    The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and
Recording, Inc. in the unpaid amount of $ _32, 969. 00_ , hereby:

☒        **ACCEPTS** the Plan

( )        **REJECTS** the Plan

    There are two chapter 11 plans pending before the Bankruptcy Court:  (a) one jointly filed by Swing
House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC.  If the
Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the
Bankruptcy Court can only confirm one of the two plans.  The Bankruptcy Code requires the Bankruptcy
Court to consider the preferences of creditors and equity security holders in determining which plan to
confirm.  Creditors and equity security holders may use this form to inform the Bankruptcy Court of their
preference by filling in the information below, signing the form, and delivering the completed form in the
manner set forth below.

    The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc.,
prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

☒        chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

( )        chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: Helen Melman

Signature: _Helen Mel_____   Dated: 8/22/17

Title (if corporation or partnership): _____

Address: 132 N. Thurston Ave., Los Angeles, CA 90049

Telephone 310-471-6258 Facsimile: _____

Email Address: hmelman@msn.com

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn: Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

In re:

SWING HOUSE REHEARSAL AND
RECORDING, INC.,

    Debtor and Debtor in Possession,

_____

In re:

PHILIP JOSEPH JAURIGUI,

    Debtor and Debtor in Possession,

_____

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And
Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

Lead Case No.: 2:16-bk-24758-RK
Jointly administered with:
Case No. 2:16-bk-24760-RK

Chapter 11 Cases

**Class 5 Ballot for Creditors to Use to Accept
or Reject Debtor's Amended Chapter 11
Plan of Reorganization Dated August 7,
2017**

Ballot Must Be Received by:
**September 8, 2017, Not Later Than 5:00
p.m.** Pacific Standard Time

### CLASS 5 BALLOT FOR ACCEPTANCE OR
REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ _1373.00_____, hereby:

( ✓ )        **ACCEPTS** the Plan

(     )        **REJECTS** the Plan


There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

( ✓ )        chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(     )        chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: _JOSEPH MINKES_

Signature: _____ Dated: _8/21/17_

Title (if corporation or partnership): _____

Address: _2740 W MAGNOLIA BLVD #204 BURBANK, CA 91505_

Telephone _818 556 5140_ Facsimile: _818 556 5110_

Email Address: _JMINKES @ 2 15.COM_

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn:  Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

2

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

| | |
|---|---|
| In re:<br><br>SWING HOUSE REHEARSAL AND<br>RECORDING, INC.,<br><br>  Debtor and Debtor in Possession,<br><br>In re:<br><br>PHILIP JOSEPH JAURIGUI,<br><br>  Debtor and Debtor in Possession.<br><br>☐ Affects Both Debtors.<br><br>☒ Affects Swing House Rehearsal And<br>Recording, Inc. Only.<br><br>☐ Affects Philip Joseph Jaurigui Only. | Lead Case No.: 2:16-bk-24758-RK<br>Jointly administered with:<br>Case No. 2:16-bk-24760-RK<br><br>Chapter 11 Cases<br><br>**Class 5 Ballot for Creditors to Use to Accept<br>or Reject Debtor's Amended Chapter 11<br>Plan of Reorganization Dated August 7,<br>2017**<br><br>Ballot Must Be Received by:<br>**September 8, 2017, Not Later Than 5:00<br>p.m.** Pacific Standard Time |

## CLASS 5 BALLOT FOR ACCEPTANCE OR
## REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
## AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ ___55,363___ , hereby:

( X )    **ACCEPTS** the Plan

( ___ )    **REJECTS** the Plan


There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

( X )    chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

( ___ )    chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: _Jonathan Mover_

Signature: _____    Dated: _8 Sept 17_

Title (if corporation or partnership): _____

Address: _2 Orton Ln, Waltaireowuth, NH 03254_

Telephone _917.337.9444_ Facsimile: _____

Email Address: _Mover @ silvertasercom_

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn: Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

2

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

In re:

SWING HOUSE REHEARSAL AND
RECORDING, INC.,

  Debtor and Debtor in Possession,

_____

In re:

PHILIP JOSEPH JAURIGUI,

  Debtor and Debtor in Possession.

_____

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And
Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

Lead Case No.: 2:16-bk-24758-RK
Jointly administered with:
Case No. 2:16-bk-24760-RK

Chapter 11 Cases

**Class 5 Ballot for Creditors to Use to Accept
or Reject Debtor's Amended Chapter 11
Plan of Reorganization Dated August 7,
2017**

Ballot Must Be Received by:
**September 8, 2017, Not Later Than 5:00
p.m.** Pacific Standard Time

CLASS 5 BALLOT FOR ACCEPTANCE OR
REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and
Recording, Inc. in the unpaid amount of $320,616_____, hereby:

(  X  )    **ACCEPTS** the Plan

(_____)    **REJECTS** the Plan


There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing
House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the
Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the
Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy
Court to consider the preferences of creditors and equity security holders in determining which plan to
confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their
preference by filling in the information below, signing the form, and delivering the completed form in the
manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc.,
prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

(  X  )    chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(_____)    chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: __Jonathan Mover__

Signature: _____    Dated: 5 Sept 17

Title (if corporation or partnership): _____

Address: __2 Orion Lane, Mutsboro, NH 03254__

Telephone __9173379444__    Facsimile: _____

Email Address: __Mover @ Summithouse.com__

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn: Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

2

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
#### Los Angeles Division

| | |
|---|---|
| In re: | Lead Case No.: 2:16-bk-24758-RK |
| | Jointly administered with: |
| SWING HOUSE REHEARSAL AND RECORDING, INC., | Case No. 2:16-bk-24760-RK |
| | Chapter 11 Cases |
| Debtor and Debtor in Possession, | |
| | **Class 5 Ballot for Creditors to Use to Accept or Reject Debtor's Amended Chapter 11 Plan of Reorganization Dated August 7, 2017** |
| In re: | |
| PHILIP JOSEPH JAURIGUI, | |
| Debtor and Debtor in Possession. | Ballot Must Be Received by: **September 8, 2017, Not Later Than 5:00 p.m.** Pacific Standard Time |

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

### CLASS 5 BALLOT FOR ACCEPTANCE OR REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $_____500_____, hereby:

( ✓ )    **ACCEPTS** the Plan

(   )    **REJECTS** the Plan

There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

( ✓ )    chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(   )    chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: _Robert Kernochan_

Signature: _____    Dated: _9/7/17_

Title (if corporation or partnership): _Nathanson & Kernochan_

Address: _31111 Agoura Rd #205 Westlake Vill, CA 91361_

Telephone _818-991-5184_    Facsimile: _818-991-0286_

Email Address: _Robert@NK taxes.com_

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn: Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

2

60

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

| | |
|---|---|
| In re:<br><br>SWING HOUSE REHEARSAL AND<br>RECORDING, INC.,<br><br>    Debtor and Debtor in Possession,<br><br>---<br><br>In re:<br><br>PHILIP JOSEPH JAURIGUI,<br><br>    Debtor and Debtor in Possession.<br><br>---<br><br>☐ Affects Both Debtors.<br><br>☒ Affects Swing House Rehearsal And<br>Recording, Inc. Only.<br><br>☐ Affects Philip Joseph Jaurigui Only. | Lead Case No.: 2:16-bk-24758-RK<br>Jointly administered with:<br>Case No. 2:16-bk-24760-RK<br><br>Chapter 11 Cases<br><br>**Class 5 Ballot for Creditors to Use to Accept<br>or Reject Debtor's Amended Chapter 11<br>Plan of Reorganization Dated August 7,<br>2017**<br><br>Ballot Must Be Received by:<br>**September 8, 2017, Not Later Than 5:00<br>p.m.** Pacific Standard Time |

**CLASS 5 BALLOT FOR ACCEPTANCE OR
REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:**

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ _7,754.00_ , hereby:



(☒)        **ACCEPTS** the Plan

(    )        **REJECTS** the Plan

There are two chapter 11 plans pending before the Bankruptcy Court:  (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC.  If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans.  The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm.  Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

(☒)        chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(    )        chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: _Victor Mirabal_

Signature: _____  Dated: _8.23.17_

Title (if corporation or partnership): _CEO / President_

Address: _3020 Old Ranch Parkway - Ste 300_

Telephone _562 279-2404_  Facsimile: _____

Email Address: _Victor@Starpower Generators.com_

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn:  Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

Los Angeles Division

| | |
|---|---|
| In re:<br><br>SWING HOUSE REHEARSAL AND RECORDING, INC.,<br><br>    Debtor and Debtor in Possession, | Lead Case No.: 2:16-bk-24758-RK<br>Jointly administered with:<br>Case No. 2:16-bk-24760-RK<br><br>Chapter 11 Cases<br><br>**Class 5 Ballot for Creditors to Use to Accept or Reject Debtor's Amended Chapter 11 Plan of Reorganization Dated August 7, 2017** |
| In re:<br><br>PHILIP JOSEPH JAURIGUI,<br><br>    Debtor and Debtor in Possession. | Ballot Must Be Received by:<br>**September 8, 2017, Not Later Than 5:00 p.m.** Pacific Standard Time |

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

## CLASS 5 BALLOT FOR ACCEPTANCE OR REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ _12,000_ , hereby:

( X )    **ACCEPTS** the Plan

(    )    **REJECTS** the Plan

There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

( X )    chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(    )    chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: Jordan Winsen

Signature: _____ Dated: 8-24-17

Title (if corporation or partnership): _____

Address: 13636 Ventura Blvd # 453 Sherman Oaks, CA 91423

Telephone 323-712-4743  Facsimile: _____

Email Address: Genoveva.Win83@gmail.com

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn: Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

2

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

| | |
|---|---|
| In re:<br><br>SWING HOUSE REHEARSAL AND RECORDING, INC.,<br><br>    Debtor and Debtor in Possession, | Lead Case No.: 2:16-bk-24758-RK<br>Jointly administered with:<br>Case No. 2:16-bk-24760-RK<br><br>Chapter 11 Cases |
| In re:<br><br>PHILIP JOSEPH JAURIGUI,<br><br>    Debtor and Debtor in Possession. | **Class 5 Ballot for Creditors to Use to Accept or Reject Debtor's Amended Chapter 11 Plan of Reorganization Dated August 7, 2017**<br><br>Ballot Must Be Received by:<br>**September 8, 2017, Not Later Than 5:00 p.m.** Pacific Standard Time |

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

**CLASS 5 BALLOT FOR ACCEPTANCE OR
REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:**

The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ 348,238.00 , hereby:

( )       **ACCEPTS** the Plan

(X)       **REJECTS** the Plan

There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

( )       chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

( )       chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: D'Addario & Company, Inc.

Signature: _____    Dated: 9/6/17

Title (if corporation or partnership): General Counsel/Corporate Secretary

Address: 595 Smith Street, Farmingdale, NY 11735

Telephone 631-439-3230    Facsimile: 631-435-3305

Email Address: john.burke@daddario.com

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn:  Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

2

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

| | |
|---|---|
| In re:<br><br>SWING HOUSE REHEARSAL AND<br>RECORDING, INC.,<br><br>    Debtor and Debtor in Possession, | Lead Case No.: 2:16-bk-24758-RK<br>Jointly administered with:<br>Case No. 2:16-bk-24760-RK<br><br>Chapter 11 Cases<br><br>**Class 5 Ballot for Creditors to Use to Accept<br>or Reject Debtor's Amended Chapter 11<br>Plan of Reorganization Dated August 7,<br>2017** |
| In re:<br><br>PHILIP JOSEPH JAURIGUI,<br><br>    Debtor and Debtor in Possession. | Ballot Must Be Received by:<br>**September 8, 2017, Not Later Than 5:00<br>p.m.** Pacific Standard Time |

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And
Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

## CLASS 5 BALLOT FOR ACCEPTANCE OR
**REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:**

    The undersigned, a holder of a Class 5 general unsecured claim against Swing House Rehearsal and
Recording, Inc. in the unpaid amount of $ __97,025__ , hereby:

(     )      **ACCEPTS** the Plan

( X )      **REJECTS** the Plan

    There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing
House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the
Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the
Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy
Court to consider the preferences of creditors and equity security holders in determining which plan to
confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their
preference by filling in the information below, signing the form, and delivering the completed form in the
manner set forth below.

    The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc.,
prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

(     )      chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

(     )      chapter 11 plan filed by 7175 WB, LLC

Print or Type Name: _James D'Adderio_

Signature: _[signature]_ Dated: _9/6/17_

Title (if corporation or partnership): _____

Address: _555 Smith Street Farmingdale, NY 11735_

Telephone _631-439-3300_ Facsimile: _631-439-3309_

Email Address: _jad@daddario.com_

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn: Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

68

Case 2:16-bk-24758-RK    Doc 388    Filed 05/08/18    Entered 05/08/18 19:29:25    Desc
Main Document    Page 72 of 112

, Case 2:16-bk-24758-RK    Doc 225    Filed 09/15/17    Entered 09/15/17 17:32:55    Desc
Main Document    Page 44 of 47

Case 2:16-bk-24758-RK    Doc 208    Filed 08/08/17    Entered 08/08/17 16:16:32    Desc
Main Document    Page 38 of 140

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Los Angeles Division

In re:

SWING HOUSE REHEARSAL AND
RECORDING, INC.,

    Debtor and Debtor in Possession,

In re:

PHILIP JOSEPH JAURIGUI,

    Debtor and Debtor in Possession.

☐ Affects Both Debtors.

☒ Affects Swing House Rehearsal And
Recording, Inc. Only.

☐ Affects Philip Joseph Jaurigui Only.

Lead Case No.: 2:16-bk-24758-RK
Jointly administered with:
Case No. 2:16-bk-24760-RK

Chapter 11 Cases

**Class _5_ Ballot for Creditors to Use to
Accept or Reject Debtor's Amended
Chapter 11 Plan of Reorganization Dated
August 7, 2017**

Ballot Must Be Received by:
**September 8, 2017, Not Later Than 5:00
p.m.** Pacific Standard Time

**CLASS _5_ BALLOT FOR ACCEPTANCE OR
REJECTION OF THE AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED
AUGUST 7, 2017 PROPOSED BY SWING HOUSE REHEARSAL AND RECORDING, INC.:**

    The undersigned, a holder of a Class _5_ allowed secured claim against Swing House Rehearsal and Recording, Inc. in the unpaid amount of $ _$960,680.31_ , hereby:

(    )    **ACCEPTS** the Plan

( X )    **REJECTS** the Plan

    There are two chapter 11 plans pending before the Bankruptcy Court: (a) one jointly filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover and (b) one filed by 7175 WB, LLC. If the Bankruptcy Court determines that the requirements for confirmation of both plans have been met, the Bankruptcy Court can only confirm one of the two plans. The Bankruptcy Code requires the Bankruptcy Court to consider the preferences of creditors and equity security holders in determining which plan to confirm. Creditors and equity security holders may use this form to inform the Bankruptcy Court of their preference by filling in the information below, signing the form, and delivering the completed form in the manner set forth below.

    The undersigned, a creditor or equity security holder of Swing House Rehearsal and Recording, Inc., prefers that the following chapter 11 plan be confirmed by the Bankruptcy Court:

(    )    chapter 11 plan filed by Swing House Rehearsal and Recording, Inc. and Jonathan Mover

( X )    chapter 11 plan filed by 7175 WB, LLC

Case 2:16-bk-24758-RK    Doc 388    Filed 05/08/18    Entered 05/08/18 19:29:25    Desc
Main Document         Page 73 of 112
Case 2:16-bk-24758-RK    Doc 225    Filed 09/15/17    Entered 09/15/17 17:32:55    Desc
Main Document         Page 45 of 47

Case 2:16-bk-24758-RK    Doc 208    Filed 08/08/17    Entered 08/08/17 16:16:32    Desc
Main Document         Page 39 of 140

Print or Type Name:   Peter Gelles

Signature: _____  Dated:  9/8/2017

Title (if corporation or partnership):  Member, Manager and Authorized Representative

Address:  P.O. Box 1129, Studio City, CA 91614

Telephone _____ N/A _____  Facsimile:   N/A

Email Address:  petergelles@gmail.com

**To have your vote count, a completed ballot must be <u>received</u> no later than 5:00 p.m. (Pacific Standard time) on September 8, 2017, by counsel to the Debtor, whose contact information is as follows:**

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Attn:  Kurt Ramlo
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing documents entitled **Plan Ballot Summary** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 15, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Steven R Fox on behalf of Interested Party Courtesy NEF
emails@foxlaw.com

Michael D Good on behalf of Creditor 7175 WB, LLC
mgood@southbaylawfirm.com

Jeffrey S Kwong on behalf of Debtor Swing House Rehearsal and Recording, Inc.
jsk@lnbyb.com, jsk@ecf.inforuptcy.com

Richard J Laski (TR)
rlaski@wilshirellc.com

Kenneth G Lau on behalf of U.S. Trustee United States Trustee (LA)
kenneth.g.lau@usdoj.gov

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Leonard Pena on behalf of Debtor In Possession Philip Joseph Jaurigui
lpena@penalaw.com, penasomaecf@gmail.com

Leonard Pena on behalf of Debtor Philip Joseph Jaurigui
lpena@penalaw.com, penasomaecf@gmail.com

Kurt Ramlo on behalf of Debtor Swing House Rehearsal and Recording, Inc.
kr@lnbyb.com, kr@ecf.inforuptcy.com

Kurt Ramlo on behalf of Interested Party Courtesy NEF
kr@lnbyb.com, kr@ecf.inforuptcy.com

Justin E Rawlins on behalf of Interested Party Courtesy NEF
jrawlins@winston.com, docketla@winston.com

Derrick Talerico on behalf of Creditor West Casitas LLC
dtalerico@btntlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

71

1   Rolf S Woolner on behalf of Creditor D'Addario & Company, Inc.
    rwoolner@winston.com, DocketSF@winston.com;pacercourtfile@winston.com

2
    Rolf S Woolner on behalf of Interested Party Courtesy NEF
3   rwoolner@winston.com, DocketSF@winston.com;pacercourtfile@winston.com

4   **2.  SERVED BY UNITED STATES MAIL**: On **September 15, 2017**, I served the following persons
    and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a
5   true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid,
    and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be
6   completed no later than 24 hours after the document is filed.

7   Chambers Copy
    Hon. Robert N. Kwan
8   United States Bankruptcy Court
    Edward R. Roybal Federal Building
9   255 E. Temple Street, Suite 1682
    Los Angeles, CA 90012
10                                                    ☐ *Service information continued on attached page*

11  **3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR
    EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR,
12  on **September 15, 2017**, I served the following persons and/or entities by personal delivery, overnight
    mail service, or (for those who consented in writing to such service method), by facsimile transmission
13  and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or
    overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

14                                                    ☐ *Service information continued on attached page*

15  I declare under penalty of perjury under the laws of the United States of America that the foregoing is
    true and correct.
16

17  September 15, 2017        John Berwick                    */s/ John Berwick*
    *Date*                    *Type Name*                     *Signature*
18

19

20

21

22

23

24

25

26

27

28

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                        **F 9013-3.1.PROOF.SERVICE**

# Exhibit "B"

## Valuation, Going Concern and Liquidation
## 4th Amended Plan of Reorganization
## As of May, 2018

### Assets (going concern value): (numbers rounded)

Cash:                                               $39,000
                        (total deposits $439,000 of which $400,000 is
                        deposits to be earned.)

Inventory                                           $11,000
                        (products the Debtor holds for sale, e.g. batteries,
                        drum heads)

A/R                                                 $25,000
                        (on cash basis - March, 2018, MOR)

Rental Equipment                                    $854,000
                        (all equipment which the Debtor rents or sells, not
                        an expendable item, e.g. microphone, drums,
                        amplification system, etc.) (value based on cost)

Leasehold Improvements                              $500,000
                        (Note: Debtor does not own the improvements)

Intellectual Property                               $ Value uncertain
                        (includes website name, client contacts, Swing
                        House trademark)

Potential Avoidance Actions (Artists)              $ Value uncertain

                        Value is uncertain because the Proponent does not
                        presently know what revenues the two artists,
                        Jared and The Tender Box, have generated in the
                        past 2 years. Also, collectibility is uncertain.

Vehicle                                             $15,000
                        Original purchase price $35,000, 2010 Mercedes
                        Sprinter 2500 driven by employees - cargo vehicle
                        - per pricing in general on the Internet

Prepaid Rent                                    $59,554
                              $45,799 (main building - Casitas)
                              $13,755 (Broadway building)

                              Plus utility deposits (not included here)

Office Furniture & Equipment                    $23,900
                              (Cost basis $23,900 as of 12/31/17 Financial
                              Report)


**TOTAL ASSETS $ 1,527,454** (going concern)

## Assets (liquidation value)

| | |
|---|---|
| Cash | $39,000 (does not assume any deduction in the event of a liquidation) |
| Inventory | $11,000 (does not assume any deduction in the event of a liquidation) |
| AR | $25,000 (does not assume any deduction in the event of a liquidation) |
| Rental Equipment | $425,000 (50% reduced sales value if liquidation) |
| Leasehold Improvements | $0 |
| Intellectual Property | $ Value uncertain |
| Potential Avoidance Actions (Artists) | $ Value uncertain |
| Vehicle | $10,000    Original purchase price $35,000, 2010 Mercedes Sprinter 2500 driven by employees - cargo vehicle. |
| Prepaid Rent | $0.00    No value in the event of liquidation |
| Office Furniture & Equipment | $12,000 (Cost basis $23,900 as of 12/31/17 Financial Report) |
| **TOTAL ASSETS** | **$522,000** |

## LESS LIABILITIES

1. Secured Claims $900,000 for D'Addario claims and $165,000 for Mover claims) $1,065,000.

2. Costs of liquidation $104,400 (assumes 10% cost of liquidation of $522,000 (e.g. auctioneer's charges and expenses) plus 10% for trustee's and his/her professionals' fees/expenses under §326)

3. Administrative Claims: $10,000 (misc. unpaid expenses arising during the case)

4. Professional Fees & Administrative Expenses $500,000

5. Post-Petition A/P $3,000

6. Deferred revenue deposits $400,000

7. Pre-Petition Priority Tax Claims: $799

8. Pre-Petition Priority Unsecured Claims: $6,270 (wage claim)

**TOTAL LIABILITIES PRIOR TO
PAYMENT OF UNSECURED CLAIMS:      $2,089,469**

Pre-Petition General Unsecured $1,250,000 (Class 5 total claims $850,000 and Class 6 claim $400,000)

# Exhibit "C"

**SWING HOUSE REHEARSAL AND RECORDING, INC.**

**FINANCIAL STATEMENTS AND
SUPPLEMENTARY INFORMATION
*(Compiled)***

**YEARS ENDED DECEMBER 31, 2016 and 2015**

# SWING HOUSE REHEARSAL AND RECORDING, INC.

## FINANCIAL STATEMENTS

## CONTENTS

| | PAGE(S) |
|---|---|
| **INDEPENDENT ACCOUNTANTS' REPORT**<br>  **ON THE FINANCIAL STATEMENTS** | 1 |
| | |
| **FINANCIAL STATEMENTS** | |
| | |
| Statements of Assets, Liabilities and Equity--Income Tax Basis | 2 |
| Statements of Revenues, Expenses and Accumulated Deficit--Income Tax Basis | 3 |
| | |
| **SUPPLEMENTARY INFORMATION** | |
| | |
| Schedule 1 - Operating Expenses--Income Tax Basis | 4 |



## friedman kannenberg
### and company pc

Certified Public Accountants

17 Talcott Notch Road
Farmington, CT 06032
Tel: 860.677.9191
Fax: 860.674.9602
info@fkco.com
www.fkco.com

### INDEPENDENT ACCOUNTANTS' COMPILATION REPORT

To the Board of Directors
Swing House Rehearsal and Recording, Inc.
Los Angeles, California

Management is responsible for the accompanying financial statements of Swing House Rehearsal and Recording, Inc. (an S corporation), which comprise the statements of assets, liabilities and equity--income tax basis as of December 31, 2016 and 2015, and the related statements of revenues, expenses and accumulated deficit--income tax basis for the years then ended, and for determining that the tax basis of accounting is an acceptable financial reporting framework. We have performed a compilation engagement in accordance with Statements on Standards for Accounting and Review Services promulgated by the Accounting and Review Services Committee of the AICPA. We did not audit or review the financial statements nor were we required to perform any procedures to verify the accuracy or completeness of the information provided by management. Accordingly, we do not express an opinion, a conclusion, nor provide any form of assurance on these financial statements.

The financial statements are prepared in accordance with the income tax basis of accounting, which is a basis of accounting other than accounting principles generally accepted in the United States of America.

Management has elected to omit substantially all of the disclosures ordinarily included in financial statements prepared in accordance with the income tax basis of accounting. If the omitted disclosures were included in the financial statements, they might influence the user's conclusions about the Company's assets, liabilities, equity, revenues and expenses. Accordingly, the financial statements are not designed for those who are not informed about such matters.

**Supplementary Information**

The supplementary information contained in Schedule 1 is presented for purposes of additional analysis and is not a required part of the basic financial statements. This information is the representation of management. The information was subject to our compilation engagement, however, we have not audited or reviewed the supplementary information and, accordingly, do not express an opinion, a conclusion, nor provide any form of assurance on such supplementary information.

The Company, with the consent of its shareholders, has elected under the Internal Revenue Code to be an S corporation. In lieu of corporation income taxes, the shareholders of an S corporation are taxed on their proportionate share of the Company's taxable income. Therefore, no provision or liability for federal income taxes has been included in these financial statements.

*Friedman, Kannenberg & Company, P.C.*

Farmington, Connecticut
February 20, 2017

Member American Institute of Certified Public Accountants        Member Connecticut Society of Certified Public Accountants

## SWING HOUSE REHEARSAL AND RECORDING, INC.
## STATEMENTS OF ASSETS, LIABILITIES AND EQUITY
## INCOME TAX BASIS
## DECEMBER 31, 2016 and 2015

|  | 2016 | 2015 |
|---|---|---|
| **ASSETS** | | |
| CURRENT ASSETS | | |
| Cash | $ 285,387 | $ 3,809 |
| Accounts receivable | 93,855 | 93,415 |
| Inventory | 10,835 | 9,950 |
| TOTAL CURRENT ASSETS | 390,077 | 107,174 |
| FIXED ASSETS | | |
| Leasehold improvements | 1,967,472 | 1,874,002 |
| Rental and studio equipment | 769,782 | 707,637 |
| Vehicles | 35,000 | 35,000 |
| Office furniture and equipment | 11,627 | 2,565 |
|  | 2,783,881 | 2,619,204 |
| Less accumulated depreciation | 591,409 | 445,986 |
|  | 2,192,472 | 2,173,218 |
| OTHER ASSETS | | |
| Deposits | 45,799 | 45,799 |
| Startup costs, less $6,432 of accumulated amortization | - | - |
|  | 45,799 | 45,799 |
|  | $ 2,628,348 | $ 2,326,191 |

### LIABILITIES AND STOCKHOLDERS' EQUITY

|  | 2016 | 2015 |
|---|---|---|
| CURRENT LIABILITIES | | |
| Accounts payable | $ 216,814 | $ 284,991 |
| Customer deposits | 303,984 | - |
| Accrued taxes and interest | 135,163 | 92,260 |
| Current portion of long-term debt | 126,701 | 87,082 |
| TOTAL CURRENT LIABILITIES | 782,662 | 464,333 |
| LONG-TERM DEBT, less current portion | 1,750,175 | 1,767,088 |
| DUE TO OFFICER AND AFFILIATES | 204,844 | 135,000 |
| STOCKHOLDERS' EQUITY | | |
| Common stock, no par value, 100,000 shares authorized, | | |
| 56,659 shares issued and outstanding | 207,792 | 207,792 |
| Accumulated deficit | (317,125) | (248,022) |
|  | (109,333) | (40,230) |
|  | $ 2,628,348 | $ 2,326,191 |

*See independent accountants' compilation report.*

2

# SWING HOUSE REHEARSAL AND RECORDING, INC.
## STATEMENTS OF REVENUES, EXPENSES AND ACCUMULATED DEFICIT
### INCOME TAX BASIS
### YEARS ENDED DECEMBER 31, 2016 and 2015

|  | 2016 | | 2015 | |
|  | $ | % | $ | % |
| --- | ---: | ---: | ---: | ---: |
| REVENUES | $ 1,765,391 | 100.0 | $ 1,424,936 | 100.0 |
| DIRECT COSTS |  |  |  |  |
| Equipment rental | 270,581 | 15.3 | 293,577 | 20.6 |
| Production labor, services and other costs | 196,790 | 11.1 | 201,697 | 14.2 |
| Merchant card fees | 27,786 | 1.6 | 23,271 | 1.6 |
|  | 495,157 | 28.0 | 518,545 | 36.4 |
| GROSS PROFIT | 1,270,234 | 72.0 | 906,391 | 63.6 |
| OPERATING EXPENSES *(Schedule 1)* | 1,219,153 | 69.0 | 1,105,154 | 77.6 |
| INCOME (LOSS) FROM OPERATIONS | 51,081 | 3.0 | (198,763) | (14.0) |
| OTHER INCOME (EXPENSE) |  |  |  |  |
| Interest income | 1 | 0.0 | - | - |
| Interest expense | (90,185) | (6.3) | (92,886) | (6.5) |
| Prior period rent | (30,000) | (2.1) | - | - |
| NET LOSS | (69,103) | (4.8) | (291,649) | (20.5) |
| BEGINNING RETAINED EARNINGS (DEFICIT) | (248,022) |  | 43,627 |  |
| ENDING ACCUMULATED DEFICIT | $ (317,125) |  | $ (248,022) |  |

*See independent accountants' compilation report.*

**SWING HOUSE REHEARSAL AND RECORDING, INC.**
**SCHEDULE 1 - OPERATING EXPENSES**
**INCOME TAX BASIS**
**YEARS ENDED DECEMBER 31, 2016 and 2015**

|  | 2016 | | 2015 | |
|---|---|---|---|---|
|  | $ | % | $ | % |
| Salaries - officer | $ 95,373 | 5.4 | $ 60,998 | 4.3 |
| Salaries - staff | 241,515 | 13.7 | 308,385 | 21.6 |
| Management compensation | 119,633 | 6.8 | - | - |
| Rent | 269,641 | 15.3 | 246,481 | 17.3 |
| Depreciation | 145,423 | 8.2 | 107,485 | 7.5 |
| Professional fees | 73,109 | 4.1 | 92,678 | 6.5 |
| Office expense | 48,503 | 2.7 | 37,914 | 2.7 |
| Taxes | 45,826 | 2.6 | 40,876 | 2.9 |
| Insurance | 38,712 | 2.2 | 62,658 | 4.4 |
| Utilities | 32,922 | 1.9 | 32,592 | 2.3 |
| Repairs and maintenance | 26,342 | 1.5 | 8,272 | 0.6 |
| Vehicle expense | 25,613 | 1.5 | 25,064 | 1.8 |
| Telephone and internet | 22,403 | 1.3 | 26,794 | 1.9 |
| Advertising and promotion | 9,474 | 0.5 | 1,519 | 0.1 |
| Meals and entertainment | 7,793 | 0.4 | 2,287 | 0.2 |
| Travel | 5,598 | 0.3 | 26,550 | 1.9 |
| Outside services | 4,414 | 0.3 | 9,203 | 0.6 |
| Postage and delivery | 4,119 | 0.2 | 4,183 | 0.3 |
| Bank charges | 2,346 | 0.1 | 5,693 | 0.4 |
| Dues, licenses and permits | 394 | - | 1,776 | 0.1 |
| Website costs | - | - | 3,324 | 0.2 |
| Artist management, development and royalties | - | - | 422 | - |
|  | $ 1,219,153 | 69.0 | $ 1,105,154 | 77.6 |

*See independent accountants' compilation report.*

84

# Exhibit "D"

# SWING HOUSE REHEARSAL AND RECORDING, INC.

**FINANCIAL STATEMENTS AND
SUPPLEMENTARY INFORMATION**
*(Compiled)*

**YEARS ENDED DECEMBER 31, 2017 AND 2016**



friedman kannenberg
and company pc

# SWING HOUSE REHEARSAL AND RECORDING, INC.

## FINANCIAL STATEMENTS

## CONTENTS

|  | PAGE(S) |
|---|---|
| **INDEPENDENT ACCOUNTANTS' REPORT ON THE FINANCIAL STATEMENTS** | 1 |
| **FINANCIAL STATEMENTS** | |
| Statements of Assets, Liabilities and Equity--Income Tax Basis | 2 |
| Statements of Revenues, Expenses and Accumulated Deficit--Income Tax Basis | 3 |
| Statements of Cash Flows--Income Tax Basis | 4 |
| **SUPPLEMENTARY INFORMATION** | |
| Schedule 1 - Operating Expenses--Income Tax Basis | 5 |

# f k

## friedman kannenberg
### and company pc

Certified Public Accountants

17 Talcott Notch Road
Farmington, CT 06032
Tel: 860.677.9191
Fax: 860.674.9602
info@fkco.com
www.fkco.com

## INDEPENDENT ACCOUNTANTS' COMPILATION REPORT

To the Board of Directors
Swing House Rehearsal and Recording, Inc.
Los Angeles, California

Management is responsible for the accompanying financial statements of Swing House Rehearsal and Recording, Inc. (an S corporation), which comprise the statements of assets, liabilities and equity--income tax basis as of December 31, 2017 and 2016, and the related statements of revenues, expenses and accumulated deficit--income tax basis and cash flows--income tax basis for the years then ended in accordance with the income tax basis of accounting, and for determining that the tax basis of accounting is an acceptable financial reporting framework. We have performed a compilation engagement in accordance with Statements on Standards for Accounting and Review Services promulgated by the Accounting and Review Services Committee of the AICPA. We did not audit or review the financial statements nor were we required to perform any procedures to verify the accuracy or completeness of the information provided by management. Accordingly, we do not express an opinion, a conclusion, nor provide any form of assurance on these financial statements.

The financial statements are prepared in accordance with the income tax basis of accounting, which is a basis of accounting other than accounting principles generally accepted in the United States of America.

Management has elected to omit substantially all of the disclosures ordinarily included in financial statements prepared in accordance with the income tax basis of accounting. If the omitted disclosures were included in the financial statements, they might influence the user's conclusions about the Company's assets, liabilities, equity, revenues and expenses. Accordingly, the financial statements are not designed for those who are not informed about such matters.

The supplementary information contained in Schedule 1 is presented for purposes of additional analysis and is not a required part of the basic financial statements. Such information is the representation of management. The supplementary information was subject to our compilation engagement. We have not audited or reviewed the supplementary information and do not express an opinion, a conclusion, nor provide any form of assurance on such information.

The Company, with the consent of its shareholders, has elected under the Internal Revenue Code to be an S corporation. In lieu of corporation income taxes, the shareholders of an S corporation are taxed on their proportionate share of the Company's taxable income. Therefore, no provision or liability for federal income taxes has been included in these financial statements.

*Friedman, Kannenberg & Company, P.C.*

Farmington, Connecticut
February 22, 2018

88

## SWING HOUSE REHEARSAL AND RECORDING, INC.
## STATEMENTS OF ASSETS, LIABILITIES AND EQUITY
## INCOME TAX BASIS
## DECEMBER 31, 2017 and 2016

|  |  | 2017 | 2016 |
|---|---|---:|---:|
| **ASSETS** | | | |
| CURRENT ASSETS | | | |
| Cash | | $ 1,048,789 | $ 285,387 |
| Accounts receivable | | 36,863 | 93,855 |
| Inventory | | 2,879 | 10,835 |
| Prepaid rent | | 30,000 | - |
| | TOTAL CURRENT ASSETS | 1,118,531 | 390,077 |
| PROPERTY AND EQUIPMENT | | | |
| Leasehold improvements | | 2,003,798 | 1,967,472 |
| Rental and studio equipment | | 820,522 | 769,782 |
| Vehicles | | 35,000 | 35,000 |
| Office furniture and equipment | | 23,973 | 11,627 |
| | | 2,883,293 | 2,783,881 |
| Less accumulated depreciation | | 730,775 | 591,409 |
| | | 2,152,518 | 2,192,472 |
| OTHER ASSETS | | | |
| Deposits | | 62,662 | 45,799 |
| Startup costs, less $6,432 of accumulated amortization | | - | - |
| | | 62,662 | 45,799 |
| | | $ 3,333,711 | $ 2,628,348 |
| **LIABILITIES AND STOCKHOLDERS' EQUITY** | | | |
| CURRENT LIABILITIES | | | |
| Accounts payable | | $ 202,832 | $ 216,814 |
| Deferred revenue | | 885,200 | 303,984 |
| Tenant security deposits | | 42,221 | - |
| Accrued interest and taxes | | 146,920 | 135,163 |
| Current portion of long-term debt | | 63,983 | 126,701 |
| | TOTAL CURRENT LIABILITIES | 1,341,156 | 782,662 |
| LONG-TERM DEBT, less current portion | | 1,710,516 | 1,750,175 |
| DUE TO OFFICER AND AFFILIATES | | 213,303 | 204,844 |
| STOCKHOLDERS' EQUITY | | | |
| Common stock, no par value, 100,000 shares authorized, | | | |
| 56,659 shares issued and outstanding | | 207,792 | 207,792 |
| Accumulated deficit | | (139,056) | (317,125) |
| | | 68,736 | (109,333) |
| | | $ 3,333,711 | $ 2,628,348 |

*See independent accountants' compilation report.*

2

**SWING HOUSE REHEARSAL AND RECORDING, INC.**
**STATEMENTS OF REVENUES, EXPENSES AND ACCUMULATED DEFICIT**
**INCOME TAX BASIS**
**YEARS ENDED DECEMBER 31, 2017 and 2016**

|  | 2017 | | 2016 | |
|---|---:|---:|---:|---:|
|  | $ | % | $ | % |
| REVENUES | $ 2,269,230 | 100.0 | $ 1,765,391 | 100.0 |
| DIRECT COSTS |  |  |  |  |
| Equipment rental | 256,228 | 11.3 | 270,581 | 15.3 |
| Production labor and contract services | 249,356 | 11.0 | 112,270 | 6.4 |
| Production costs | 81,706 | 3.6 | 49,987 | 2.8 |
| Booking commissions | 53,000 | 2.3 | 34,533 | 2.0 |
|  | 640,290 | 28.2 | 467,371 | 26.5 |
| GROSS PROFIT | 1,628,940 | 71.8 | 1,298,020 | 73.5 |
| OPERATING EXPENSES *(Schedule 1)* | 1,308,457 | 57.5 | 1,246,939 | 70.5 |
| INCOME FROM OPERATIONS | 320,483 | 14.3 | 51,081 | 3.0 |
| OTHER INCOME (EXPENSE) |  |  |  |  |
| Interest expense | (124,199) | (5.5) | (90,185) | (5.1) |
| Bankruptcy fees | (18,215) | (0.8) | - | - |
| Interest income | - | - | 1 | - |
| Prior period rent | - | - | (30,000) | (1.7) |
| NET INCOME (LOSS) | 178,069 | 8.0 | (69,103) | (3.8) |
| BEGINNING ACCUMULATED DEFICIT | (317,125) |  | (248,022) |  |
| ENDING ACCUMULATED DEFICIT | $ (139,056) |  | $ (317,125) |  |

*See independent accountants' compilation report.*

3

# SWING HOUSE REHEARSAL AND RECORDING, INC.
## STATEMENTS OF CASH FLOWS
## INCOME TAX BASIS
## YEARS ENDED DECEMBER 31, 2017 AND 2016

|  | 2017 | 2016 |
|---|---:|---:|
| **CASH FLOWS FROM OPERATING ACTIVITIES** |  |  |
| Net income (loss) | $ 178,069 | $ (69,103) |
| Adjustments to reconcile net income (loss) to net cash provided by operating activities: |  |  |
| Depreciation | 141,382 | 145,423 |
| (Increase) decrease in current assets: |  |  |
| Accounts receivable | 56,992 | (440) |
| Inventory | 7,956 | (885) |
| Prepaid rent | (30,000) | - |
| Increase (decrease) in current liabilities: |  |  |
| Accounts payable | (13,982) | (68,177) |
| Deferred income | 581,216 | 303,984 |
| Accrued taxes and interest | 11,757 | 42,903 |
| Tenant security deposits | 42,221 | - |
| NET CASH PROVIDED BY OPERATING ACTIVITIES | 975,611 | 353,705 |
|  |  |  |
| **CASH FLOWS FROM INVESTING ACTIVITIES** |  |  |
| Increase leasehold improvements | (36,326) | (93,470) |
| Purchase of rental and studio equipment | (50,740) | (62,145) |
| Purchase of office equipment and furniture | (14,362) | (9,062) |
| Increase in rent deposits | (16,863) | - |
| NET CASH USED IN INVESTING ACTIVITIES | (118,291) | (164,677) |
| **CASH FLOWS FROM FINANCING ACTIVITIES** |  |  |
| Proceeds from stockholder loans | - | 79,040 |
| Proceeds from officer and affiliate loans | 8,459 | 50,796 |
| Principal payments on long-term debt | (102,377) | (37,286) |
| NET CASH PROVIDED BY (USED IN) FINANCING ACTIVITIES | (93,918) | 92,550 |
|  |  |  |
| NET INCREASE IN CASH | 763,402 | 281,578 |
| BEGINNING CASH BALANCE | 285,387 | 3,809 |
| ENDING CASH BALANCE | $ 1,048,789 | $ 285,387 |
|  |  |  |
| **SUPPLEMENTAL DISCLOSURE OF CASH FLOW INFORMATION** |  |  |
| Cash paid during the year for: |  |  |
| Interest | $ 90,535 | $ 51,288 |

*See independent accountants' compilation report.*

4

**SWING HOUSE REHEARSAL AND RECORDING, INC.**
**SCHEDULE 1 - OPERATING EXPENSES**
**INCOME TAX BASIS**
**YEARS ENDED DECEMBER 31, 2017 and 2016**

|  | 2017 | | 2016 | |
|---|---|---|---|---|
|  | $ | % | $ | % |
| Salaries - officer | $ 75,462 | 3.3 | $ 95,373 | 5.4 |
| Salaries - staff | 204,874 | 9.0 | 241,515 | 13.7 |
| Management compensation | 139,899 | 6.2 | 119,633 | 6.8 |
| Rent and storage | 332,476 | 14.7 | 269,641 | 15.3 |
| Depreciation | 141,382 | 6.2 | 145,423 | 8.2 |
| Advertising and promotion | 77,191 | 3.4 | 9,474 | 0.5 |
| Utilities | 41,685 | 1.8 | 32,922 | 1.9 |
| Vehicle expense | 41,589 | 1.8 | 25,613 | 1.5 |
| Professional fees | 40,822 | 1.8 | 73,109 | 4.1 |
| Office expense | 40,633 | 1.8 | 48,503 | 2.7 |
| Insurance | 39,352 | 1.7 | 38,712 | 2.2 |
| Taxes | 38,389 | 1.7 | 45,826 | 2.6 |
| Repairs and maintenance | 23,001 | 1.0 | 26,342 | 1.5 |
| Telephone and internet | 21,937 | 1.0 | 22,403 | 1.3 |
| Bank and merchant fees | 19,128 | 0.8 | 30,132 | 1.7 |
| Meals and entertainment | 14,041 | 0.6 | 7,793 | 0.4 |
| Travel | 8,492 | 0.4 | 5,598 | 0.3 |
| Postage and delivery | 2,938 | 0.1 | 4,119 | 0.2 |
| Computer services | 2,757 | 0.1 | 377 | - |
| Dues, licenses and permits | 2,409 | 0.1 | 394 | - |
| Contract services | - | - | 4,037 | 0.2 |
|  | $ 1,308,457 | 57.5 | $ 1,246,939 | 70.5 |

*See independent accountants' compilation report.*

5

# Exhibit "E"

# Swing House Rehearsal & Recording, Inc.

## PROFIT AND LOSS

January - March, 2018

| | TOTAL |
|---|---|
| Income | |
|   401-01 Income - Discounts Given | |
|     401-05 Discounts - Rentals | -12,839.75 |
|     401-07 Discounts - Stages | -848.75 |
|     **Total 401-01 Income - Discounts Given** | **-13,688.50** |
|   402-00 Income - Equipment Rental | |
|     402-01 Accessories | 20.00 |
|     402-03 Miscellaneous | 5,135.00 |
|     402-04 Motors | 1,150.00 |
|     402-05 Splitters | 1,400.00 |
|     **Total 402-01 Accessories** | **7,705.00** |
|     402-06 Cabling | 935.00 |
|     402-07 Chairs & Tables | 1,464.00 |
|     402-08 Console | 2,045.00 |
|     402-09 DJ Equipment | 1,300.00 |
|     402-11 Generator & Power Distro | 1,950.00 |
|     402-12 In-ear Monitor | 2,875.00 |
|     402-13 Instrument Amplifier | 5,380.00 |
|     402-14 Keyboards | 2,050.00 |
|     402-15 Lighting | 3,420.00 |
|     402-16 Microphones | 2,880.00 |
|     402-17 Outboard Equipment | 250.00 |
|     402-18 PA Equipment | 11,415.00 |
|     402-19 Percussion | 11,280.00 |
|     402-20 Projector & Screen | 300.00 |
|     402-21 Recording Rigs | 1,200.00 |
|     402-22 Staging | 5,290.00 |
|     402-23 Stands | 428.00 |
|     402-24 String Instruments | 202.00 |
|     402-25 Trussing | 398.36 |
|     **Total 402-00 Income - Equipment Rental** | **62,767.36** |
|   403-00 Income - Fees | |
|     403-03 Permit & License Fees | 150.00 |
|     403-04 Prep Fees | 50.00 |
|     403-05 Production Fees & Expenses | 280.00 |
|     403-06 Showroom Fees | 850.00 |
|     **Total 403-00 Income - Fees** | **1,330.00** |
|   404-00 Income - Rents | |
|     404-01 Office Suites | 12,000.00 |
|     404-02 Producer Suites | |
|     404-03 Server Room | 3,000.00 |
|     404-04 Suite #1 | 6,480.00 |
|     404-05 Suite #2 | 6,000.00 |

| | TOTAL |
|---|---|
| 404-06 Suite #3 | 6,000.00 |
| 404-07 Suite #4 | 8,400.00 |
| 404-09 Suite #6 | 7,848.00 |
| 404-10 Suite #7 & 8 | 5,200.00 |
| **Total 404-02 Producer Suites** | **42,928.00** |
| 404-11 Production Offices | |
| 404-12 P1 | 300.00 |
| 404-13 P2 | 6,000.00 |
| **Total 404-11 Production Offices** | **6,300.00** |
| 404-14 Stages | |
| 404-15 Events | |
| 404-16 Stage 1 | 15,075.00 |
| **Total 404-15 Events** | **15,075.00** |
| 404-18 Filming | |
| 404-20 Stage 1 | 80,700.00 |
| 404-21 Stage 2 | 63,000.00 |
| 404-22 Stage 3 | 45,000.00 |
| 404-23 Stage 4 | 18,000.00 |
| 404-24 Stage 5 & 6 | 131,835.00 |
| 404-36 Studio B | 26,040.00 |
| 404-37 Stage "X" | 6,500.00 |
| **Total 404-18 Filming** | **371,075.00** |
| 404-25 Recording | |
| 404-28 Stage 5 & 6 | 105.00 |
| **Total 404-25 Recording** | **105.00** |
| 404-30 Rehearsal | |
| 404-31 Stage 1 | 225.00 |
| 404-35 Stage 5 & 6 | 2,870.00 |
| **Total 404-30 Rehearsal** | **3,095.00** |
| **Total 404-14 Stages** | **389,350.00** |
| **Total 404-00 Income - Rents** | **450,578.00** |
| 405-01 Income - Sales | |
| 405-03 Assets | |
| 405-04 Fixed Assets | 800.00 |
| **Total 405-03 Assets** | **800.00** |
| 405-07 Product | |
| 405-08 Accessories | |
| 405-09 Batteries | 15.00 |
| 405-10 Drumheads | 400.00 |
| **Total 405-08 Accessories** | **415.00** |
| **Total 405-07 Product** | **415.00** |
| 405-15 Vending | 251.00 |
| 405-16 Food | 92.77 |
| 405-17 Water | 240.53 |
| **Total 405-15 Vending** | **584.30** |
| **Total 405-01 Income - Sales** | **1,799.30** |
| 406-01 Income - Services | 620.00 |
| 406-02 Cartage | 3,900.00 |

| | TOTAL |
|---|---|
| 406-05 Labor | |
| 406-06 Audio Engineer | |
| 406-07 Live | |
| 406-08 A1 Engineer | 8,450.00 |
| 406-09 A2 Engineer | 3,350.00 |
| 406-10 Recording Engineer | 1,100.00 |
| **Total 406-07 Live** | **12,900.00** |
| **Total 406-06 Audio Engineer** | **12,900.00** |
| 406-14 General | 6,190.00 |
| 406-15 Lighting Director | 2,375.00 |
| 406-16 Loader | 560.00 |
| 406-17 Manager | 3,750.00 |
| 406-18 Security | 1,452.50 |
| 406-19 Stage Tech | 2,500.00 |
| **Total 406-05 Labor** | **29,727.50** |
| **Total 406-01 Income - Services** | **34,247.50** |
| 407-01 Income - Storage | 2,000.00 |
| **Total Income** | **$539,033.66** |
| Cost of Goods Sold | |
| 500-00 Cost of Goods Sold | 0.00 |
| 500-01 Booking Manager | 11,250.00 |
| 510-01 COGS - Equipment Rental | |
| 510-02 Chairs & Tables | 1,194.43 |
| 510-05 Generator & Power Distro | 2,009.00 |
| 510-06 Heavy Machinery | 318.48 |
| 510-07 In-Ear Monitors | 300.00 |
| 510-08 Instrument Amplifier | 1,600.25 |
| 510-09 Keyboards | 471.25 |
| 510-11 Long Term Package | 24,000.00 |
| 510-12 Microphone | 123.60 |
| 510-15 Percussion | 1,440.05 |
| 510-17 Projection | 157.68 |
| 510-18 Staging & Trussing | 5,162.44 |
| **Total 510-01 COGS - Equipment Rental** | **36,777.18** |
| 520-00 Production Costs | 2,500.00 |
| 520-02 Equipment Expense | 2,484.04 |
| 520-06 Event Expenses | 178.18 |
| **Total 520-00 Production Costs** | **5,162.22** |
| **Total Cost of Goods Sold** | **$53,189.40** |
| **GROSS PROFIT** | **$485,844.26** |
| Expenses | |
| 610-00 Advertising/Promotion/Marketing | 4,227.69 |
| 610-01 Digital Advertising | 8,555.00 |
| 610-05 Marketing Materials | 6,718.69 |
| 610-07 Print Advertising | 11,200.00 |
| 610-10 Trade Events | 12,217.76 |
| **Total 610-00 Advertising/Promotion/Marketing** | **42,919.14** |

| | TOTAL |
|---|---|
| 620-00 Automobile Expense | 4,059.34 |
| 62500 Dues and Memberships | 275.00 |
| 630-00 Bank Service Charges | 3,580.37 |
| 645-00 Consultation | 14,254.23 |
| 650-01 Depreciation Expense | 45,682.50 |
| 660-00 Insurance | 18,052.71 |
| 667-01 License & Permits | 2,800.54 |
| 671-00 Management Fees | 46,632.76 |
| 680-00 Meals & Entertainment | 7,398.72 |
| 686-00 Utilities | 20,355.76 |
| 700-00 Office Supplies | 5,475.15 |
| 705-00 Outside Services | 22,262.64 |
| 710-00 Payroll Expenses | 94,382.04 |
| 715-00 Postage, Shipping & Delivery | 88.59 |
| 725-00 Professional Fees | 9,395.00 |
| 731-00 Reimbursements | 1,762.09 |
| 735-01 Rent Expense | 103,746.73 |
| 740-00 Repairs & Maintenance | 4,170.91 |
| 746-00 Software | 795.37 |
| 748-01 Storage | 1,050.00 |
| 777-01 Tools | 8.75 |
| 780-00 Travel Expense | 264.56 |
| 787-01 Uncategorized Expense | 11,596.25 |
| 900-00 Taxes | 2,932.30 |
| 999-99 Ask my accountant | 5,000.00 |
| Gifts Given | 1,612.88 |
| **Total Expenses** | **$470,554.33** |
| NET OPERATING INCOME | **$15,289.93** |
| Other Income | |
| Other Income | |
| Interest Income | 57.62 |
| **Total Other Income** | 57.62 |
| **Total Other Income** | **$57.62** |
| Other Expenses | |
| Bankruptcy Fees | 4,875.00 |
| **Total Other Expenses** | **$4,875.00** |
| NET OTHER INCOME | **$ -4,817.38** |
| NET INCOME | **$10,472.55** |

# Exhibit "F"

# Swing House Rehearsal & Recording, Inc.

## PROFIT AND LOSS

### January - April, 2018

|  | TOTAL |
|---|---:|
| Income |  |
| 401-01 Income - Discounts Given |  |
| 401-05 Discounts - Rentals | -14,940.75 |
| 401-07 Discounts - Stages | -1,327.88 |
| **Total 401-01 Income - Discounts Given** | **-16,268.63** |
| 402-00 Income - Equipment Rental |  |
| 402-01 Accessories | 20.00 |
| 402-03 Miscellaneous | 5,535.00 |
| 402-04 Motors | 1,150.00 |
| 402-05 Splitters | 1,400.00 |
| **Total 402-01 Accessories** | **8,105.00** |
| 402-06 Cabling | 1,491.00 |
| 402-07 Chairs & Tables | 1,489.00 |
| 402-08 Console | 4,135.00 |
| 402-09 DJ Equipment | 2,830.00 |
| 402-11 Generator & Power Distro | 1,950.00 |
| 402-12 In-ear Monitor | 3,996.00 |
| 402-13 Instrument Amplifier | 6,115.00 |
| 402-14 Keyboards | 2,320.00 |
| 402-15 Lighting | 4,874.00 |
| 402-16 Microphones | 4,405.00 |
| 402-17 Outboard Equipment | 500.00 |
| 402-18 PA Equipment | 14,685.00 |
| 402-19 Percussion | 12,080.00 |
| 402-20 Projector & Screen | 300.00 |
| 402-21 Recording Rigs | 1,200.00 |
| 402-22 Staging | 7,815.00 |
| 402-23 Stands | 513.00 |
| 402-24 String Instruments | 202.00 |
| 402-25 Trussing | 738.36 |
| **Total 402-00 Income - Equipment Rental** | **79,743.36** |
| 403-00 Income - Fees |  |
| 403-03 Permit & License Fees | 150.00 |
| 403-04 Prep Fees | 50.00 |
| 403-05 Production Fees & Expenses | 280.00 |
| 403-06 Showroom Fees | 1,700.00 |
| **Total 403-00 Income - Fees** | **2,180.00** |
| 404-00 Income - Rents |  |
| 404-01 Office Suites | 25,900.00 |
| 404-02 Producer Suites |  |
| 404-03 Server Room | 4,000.00 |
| 404-04 Suite #1 | 8,640.00 |
| 404-05 Suite #2 | 8,000.00 |

|  | TOTAL |
|---|---|
| 404-06 Suite #3 | 8,000.00 |
| 404-07 Suite #4 | 8,400.00 |
| 404-09 Suite #6 | 11,148.00 |
| 404-10 Suite #7 & 8 | 8,200.00 |
| **Total 404-02 Producer Suites** | **56,388.00** |
| 404-11 Production Offices | |
| 404-12 P1 | 300.00 |
| 404-13 P2 | 8,000.00 |
| **Total 404-11 Production Offices** | **8,300.00** |
| 404-14 Stages | |
| 404-15 Events | |
| 404-16 Stage 1 | 15,075.00 |
| **Total 404-15 Events** | **15,075.00** |
| 404-18 Filming | |
| 404-20 Stage 1 | 113,700.00 |
| 404-21 Stage 2 | 84,000.00 |
| 404-22 Stage 3 | 60,000.00 |
| 404-23 Stage 4 | 24,000.00 |
| 404-24 Stage 5 & 6 | 158,235.00 |
| 404-36 Studio B | 35,940.00 |
| 404-37 Stage "X" | 6,500.00 |
| **Total 404-18 Filming** | **482,375.00** |
| 404-25 Recording | |
| 404-28 Stage 5 & 6 | 105.00 |
| **Total 404-25 Recording** | **105.00** |
| 404-30 Rehearsal | |
| 404-31 Stage 1 | 225.00 |
| 404-35 Stage 5 & 6 | 5,250.00 |
| **Total 404-30 Rehearsal** | **5,475.00** |
| **Total 404-14 Stages** | **503,030.00** |
| **Total 404-00 Income - Rents** | **593,618.00** |
| 405-01 Income - Sales | |
| 405-03 Assets | |
| 405-04 Fixed Assets | 800.00 |
| **Total 405-03 Assets** | **800.00** |
| 405-07 Product | |
| 405-08 Accessories | |
| 405-09 Batteries | 15.00 |
| 405-10 Drumheads | 400.00 |
| **Total 405-08 Accessories** | **415.00** |
| **Total 405-07 Product** | **415.00** |
| 405-15 Vending | 251.00 |
| 405-16 Food | 120.56 |
| 405-17 Water | 282.53 |
| **Total 405-15 Vending** | **654.09** |
| **Total 405-01 Income - Sales** | **1,869.09** |
| 406-01 Income - Services | 599.00 |
| 406-02 Cartage | 5,675.00 |

| | TOTAL |
|---|---|
| 406-05 Labor | |
| 406-06 Audio Engineer | |
| 406-07 Live | |
| 406-08 A1 Engineer | 10,575.00 |
| 406-09 A2 Engineer | 4,010.00 |
| 406-10 Recording Engineer | 1,350.00 |
| **Total 406-07 Live** | **15,935.00** |
| 406-11 Studio | |
| 406-13 Staff Engineer | 55.00 |
| **Total 406-11 Studio** | **55.00** |
| **Total 406-06 Audio Engineer** | **15,990.00** |
| 406-14 General | 7,840.00 |
| 406-15 Lighting Director | 2,375.00 |
| 406-16 Loader | 560.00 |
| 406-17 Manager | 4,500.00 |
| 406-18 Security | 1,452.50 |
| 406-19 Stage Tech | 3,050.00 |
| **Total 406-05 Labor** | **35,767.50** |
| **Total 406-01 Income - Services** | **42,041.50** |
| 407-01 Income - Storage | 2,000.00 |
| **Total Income** | **$705,183.32** |
| Cost of Goods Sold | |
| 500-00 Cost of Goods Sold | 0.00 |
| 500-01 Booking Manager | 15,750.00 |
| 510-01 COGS - Equipment Rental | 41,498.24 |
| 520-00 Production Costs | 5,685.41 |
| **Total Cost of Goods Sold** | **$62,933.65** |
| **GROSS PROFIT** | **$642,249.67** |
| Expenses | |
| 610-00 Advertising/Promotion/Marketing | 5,436.96 |
| 610-01 Digital Advertising | 9,480.00 |
| 610-05 Marketing Materials | 7,548.69 |
| 610-07 Print Advertising | 21,314.85 |
| 610-10 Trade Events | 19,663.73 |
| **Total 610-00 Advertising/Promotion/Marketing** | **63,444.23** |
| 620-00 Automobile Expense | 5,463.76 |
| 62500 Dues and Memberships | 654.00 |
| 630-00 Bank Service Charges | 4,610.88 |
| 645-00 Consultation | 17,254.23 |
| 650-01 Depreciation Expense | 45,682.50 |
| 660-00 Insurance | 24,119.96 |
| 667-01 License & Permits | 2,800.54 |
| 671-00 Management Fees | 53,632.76 |
| 680-00 Meals & Entertainment | |
| 680-01 Company Meals | 579.30 |
| 680-02 Genoveva Expense Account | 1,747.79 |
| 680-04 Phil Expense Account | 9,181.48 |

| | TOTAL |
|---|---|
| **Total 680-00 Meals & Entertainment** | **11,508.57** |
| 686-00 Utilities | **24,817.16** |
| 700-00 Office Supplies | **8,726.68** |
| 705-00 Outside Services | **31,453.79** |
| 710-00 Payroll Expenses | **121,474.67** |
| 715-00 Postage,  Shipping & Delivery | **-405.14** |
| 725-00 Professional Fees | **109,395.00** |
| 731-00 Reimbursements | **2,607.55** |
| 735-01 Rent Expense | 136,614.73 |
| 740-00 Repairs & Maintenance | **4,170.91** |
| 746-00 Software | **1,020.59** |
| 748-01 Storage | 1,400.00 |
| 777-01 Tools | 58.74 |
| 780-00 Travel Expense | **543.35** |
| 787-01 Uncategorized Expense | 12,902.19 |
| 900-00 Taxes | **2,932.30** |
| 999-99 Ask my accountant | 5,000.00 |
| Gifts Given | 1,612.88 |
| **Total Expenses** | **$693,496.83** |
| NET OPERATING INCOME | **$ -51,247.10** |
| Other Income | |
| Other Income | |
| Interest Income | 70.97 |
| **Total Other Income** | 70.97 |
| **Total Other Income** | **$70.97** |
| Other Expenses | |
| Bankruptcy Fees | 9,750.00 |
| **Total Other Expenses** | **$9,750.00** |
| NET OTHER INCOME | **$ -9,679.03** |
| NET INCOME | **$ -60,926.19** |

# Exhibit "G"

# Swing House Reorganization Plan
## Detailed Income Statement & Annual Cash Flows

| 10 year CapEx allotment |
| --- |
| Studio Buildout - $210k |
| Film Stage Buildout - $250k |
| 2nd Floor Completion - $250k |
| General Improvements $125k |
| Equipment Acquisition - $625k |
| Total - $1.455M |

| | Actual 2015 | Actual 2016 | 2017 | Year 1 2018 | Year 2 2019 | Year 3 2020 | Year 4 2021 | Year 5 2022 | Year 6 2023 | Year 7 2024 | Year 8 2025 | Year 9 2026 | Forecast 9-Year Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Starting cash** | 37,346 | 7,799 | 285,527 | 1,049,014 | 435,503 | (114,293) | 65,603 | 233,183 | 350,744 | 443,883 | 402,617 | 403,074 | 1,049,014 |
| **INCOME** | | | | | | | | | | | | | |
| Equipment Rental | 622,639 | 569,086 | 600,533 | 630,560 | 662,088 | 695,192 | 729,952 | 766,450 | 804,772 | 845,011 | 887,261 | 931,624 | 6,952,910 |
| Rents - Music | 624,748 | 640,408 | 504,566 | 529,794 | 556,284 | 584,098 | 613,303 | 611,000 | 641,550 | 673,628 | 707,309 | 742,674 | 5,659,640 |
| Rents - Fender / Film | | 371,650 | 1,053,423 | 1,300,000 | 1,300,000 | 1,365,000 | 1,400,000 | 1,400,000 | 1,400,000 | 1,400,000 | 1,400,000 | 1,400,000 | 12,365,000 |
| Sales (NET) | 20,623 | 20,968 | 19,371 | 50,000 | 55,000 | 60,500 | 66,550 | 73,205 | 80,526 | 88,578 | 97,436 | 107,179 | 678,974 |
| Services | 273,506 | 293,360 | 207,652 | 218,035 | 228,936 | 240,383 | 252,402 | 265,022 | 278,274 | 292,187 | 306,797 | 322,136 | 2,404,173 |
| Other | 24,724 | 43,453 | 19,441 | | | | | | | | | | |
| Discounts | (165,024) | (204,408) | (192,684) | (231,913) | (238,176) | (250,340) | (260,288) | (264,833) | (272,435) | (280,449) | (288,888) | (297,807) | (2,385,160) |
| **Total Income** | 1,401,216 | 1,734,437 | 2,212,302 | 2,496,476 | 2,564,112 | 2,694,884 | 2,801,920 | 2,850,844 | 2,932,686 | 3,018,954 | 3,109,904 | 3,205,807 | 25,675,537 |
| **EXPENSES** | | | | | | | | | | | | | |
| Cost of Goods (15% - 2017) | 384,901 | 355,101 | 338,689 | 374,471 | 384,617 | 404,225 | 420,288 | 427,627 | 439,903 | 452,843 | 466,486 | 480,871 | 3,851,331 |
| Rent | 238,519 | 269,641 | 332,400 | 394,380 | 394,380 | 429,722 | 429,722 | 429,722 | 429,722 | 429,722 | 429,722 | 429,722 | 3,796,814 |
| Insurance | 62,658 | 38,712 | 39,352 | 45,000 | 48,000 | 51,000 | 54,000 | 57,000 | 60,000 | 63,000 | 66,000 | 69,000 | 513,000 |
| Depreciation | 107,485 | 145,423 | 182,730 | 207,000 | 199,000 | 189,000 | 181,000 | 192,000 | 212,000 | 223,000 | 223,000 | 223,000 | 1,849,000 |
| Payroll - Officer | 156,000 | 84,000 | 86,000 | 96,000 | 96,000 | 108,000 | 108,000 | 108,000 | 108,000 | 108,000 | 108,000 | 108,000 | 948,000 |
| Payroll - Other | 243,433 | 256,581 | 244,955 | 245,000 | 257,250 | 270,113 | 283,618 | 297,799 | 312,689 | 328,323 | 344,740 | 361,977 | 2,701,508 |
| Outside Services | 116,358 | 261,742 | 249,356 | 262,000 | 275,100 | 288,000 | 303,000 | 319,000 | 335,000 | 351,000 | 368,550 | 386,978 | 2,888,628 |
| Interest expense | 92,886 | 90,184 | | | | | | | | | | | |
| Other | 287,333 | 338,957 | 549,974 | 577,473 | 606,346 | 636,664 | 668,497 | 701,922 | 737,018 | 773,869 | 812,562 | 853,190 | 6,367,540 |
| Lease & Contingency Reserves | | | | 10,000 | 10,000 | 10,000 | 50,000 | 75,000 | 100,000 | 250,000 | 250,000 | 250,000 | 1,005,000 |
| **Total Expense** | 1,689,573 | 1,840,341 | 2,023,456 | 2,211,324 | 2,270,693 | 2,386,723 | 2,498,125 | 2,608,069 | 2,734,332 | 2,979,757 | 3,069,059 | 3,162,737 | 23,920,820 |
| **Net Income** | (288,357) | (105,904) | 188,846 | 285,152 | 293,419 | 308,111 | 303,795 | 242,775 | 198,354 | 39,197 | 40,845 | 43,070 | 1,754,717 |
| **CASH FLOW ADJUSTMENTS** | | | | | | | | | | | | | |
| Depreciation | 107,485 | 145,423 | 182,730 | 207,000 | 199,000 | 189,000 | 181,000 | 192,000 | 212,000 | 223,000 | 223,000 | 223,000 | 1,849,000 |
| Capital Investments | (547,200) | (167,458) | (170,027) | (160,000) | (200,000) | (125,000) | (125,000) | (125,000) | (125,000) | (125,000) | (150,000) | (150,000) | (1,455,027) |
| Unpaid Interest Expense | | 90,184 | | | | | | | | | | | |
| Customer Deposits 2016 | | 303,984 | (303,984) | (800,000) | (300,000) | | | | | | | | (1,100,000) |
| Min Deposits Received 2017 | | | 1,100,000 | | | | | | | | | | |
| Min Deposits Received 2018 | | | | 350,000 | (350,000) | | | | | | | | |
| Working Capital Changes | (154,380) | (65,932) | (152,808) | | | | | | | | | | |
| Effective Date New Capital | | | | 250,000 | | | | | | | | | 250,000 |
| Effective Date Payments | | | | (577,948) | | | | | | | | | (577,948) |
| New Loans | 852,905 | 77,431 | | | | | | | | | | | |
| **Total Cash Flow Adjustments** | 258,810 | 383,632 | 655,911 | (730,948) | (651,000) | 64,000 | 56,000 | 67,000 | 87,000 | 98,000 | 73,000 | 73,000 | (1,033,975) |
| **Annual Cash Flow** | (29,547) | 277,728 | 844,757 | (445,796) | (357,581) | 372,111 | 359,795 | 309,775 | 285,354 | 137,197 | 113,845 | 116,070 | 890,769 |
| Creditor Payments per Plan | - | - | (81,270) | (167,715) | (192,215) | (192,215) | (192,215) | (192,215) | (192,215) | (178,463) | (113,388) | (113,388) | (1,534,027) |
| **Ending Cash** | 7,799 | 285,527 | 1,049,014 | 435,503 | (114,293) | 65,603 | 233,183 | 350,744 | 443,883 | 402,617 | 403,074 | 405,756 | 405,756 |

**Exhibit 6**
(Page 1 of 2)

# Exhibit "H"

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

In re:                            )   **Case No. 2:16-bk-24758-RK**

                                 )

SWING HOUSE REHEARSAL AND    )   **DECLARATION OF JAMES D'ADDARIO**
RECORDING, INC.,                  )   **ON BEHALF OF D'ADDARIO &**
                                 )   **COMPANY, INC. RE VOTES IN SUPPORT**
      Debtor and Debtor in Possession.   )   **OF FOURTH AMENDED CHAPTER 11**
                                 )   **PLAN OF REORGANIZATION DATED**
                                 )   **APRIL 16, 2018 [D.I. 372]**
                                 )

I, James D'Addario, declare as follows:

1.     I am the Chief Executive Officer of D'Addario & Company, Inc. (the "**Company**").

2.     The Company is a creditor in the above captioned chapter 11 case, and timely filed a proof of claim on March 15, 2017, docketed as claim number 10.

3.     The Company previously submitted votes rejecting the Debtor's *Amended Chapter 11 Plan Of Reorganization Dated August 7, 2017* on September 6, 2017.

4.     I have reviewed the Fourth Amended Chapter 11 Plan of Reorganization dated April 16, 2018 as filed [D.I. 372] (the "**Fourth Amended Plan**"), for which I understand a confirmation hearing is scheduled for May 31, 2018.

5.     Solely with respect to the Fourth Amended Plan in the form filed with the Court, the Company hereby changes its ballot for its Class 3 allowed secured claim against the Debtor in the unpaid amount of $695,604 from "REJECTS the Plan" to "ACCEPTS the Plan."

6.     Further, solely with respect to the Fourth Amended Plan in the form filed with the Court, the Company hereby changes its ballot for its Class 5 general unsecured claim against the Debtor in the unpaid amount of $348,238 dated September 6, 2017 from "REJECTS the Plan" to "ACCEPTS the Plan."

1    Dated: May 8, 2018                James D'Addario, solely in his capacity as Chief
Executive Officer of D'Addario & Company, Inc.
2

3                                      By:

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | ) Case No. 2:16-bk-24758-RK |
| SWING HOUSE REHEARSAL AND RECORDING, INC., | ) **DECLARATION OF JAMES D'ADDARIO RE VOTES IN SUPPORT OF FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED APRIL 16, 2018 [D.I. 372]** |
| Debtor and Debtor in Possession. | ) |

I, James D'Addario, declare as follows:

1.      I am a creditor in the above captioned chapter 11 case, and timely filed a proof of claim on March 15, 2017, docketed as claim number 9.

2.      I previously submitted votes rejecting the Debtor's *Amended Chapter 11 Plan Of Reorganization Dated August 7, 2017* on September 6, 2017.

3.      I have reviewed the Fourth Amended Chapter 11 Plan of Reorganization dated April 16, 2018 as filed [D.I. 372] (the "**Fourth Amended Plan**"), for which I understand a confirmation hearing is scheduled for May 31, 2018.

4.      Solely with respect to the Fourth Amended Plan in the form filed with the Court, I hereby change my ballot for my Class 2 allowed secured claim against the Debtor in the unpaid amount of $193,808 from "REJECTS the Plan" to "ACCEPTS the Plan."

5.      Further, solely with respect to the Fourth Amended Plan in the form filed with the Court, I hereby change my ballot for my Class 5 general unsecured claim against the Debtor in the unpaid amount of $97,025 dated September 6, 2017 from "REJECTS the Plan" to "ACCEPTS the Plan."

1

2　　Dated: May 8, 2018                    James D'Addario

3

4                                         By: _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28